JOHN RUGGIERO ET AL. *v.* SALVATORE RUGGIERO

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 640

Argued April 18—decided June 2, 1978

*Paul B. Zolan,* for the appellant (defendant).

*F. Mark Fucci,* for the appellees (plaintiffs).

PARSKEY, J.   The record reflects that after the pleadings were closed the court, on January 30, 1976,

permitted the defendant's counsel to withdraw his appearance. Thereafter the defendant was not represented by counsel or pro se. On June 30, 1977, the case was reached for trial. The defendant was not present. There is no record that the defendant was notified by the court that his case was assigned for trial. Upon the plaintiffs' oral motion, the court entered a default against the defendant for failure to appear and, after an immediate hearing in damages, rendered judgment for the plaintiffs. On August 1, 1977, the defendant moved to open the judgment and asserted the nature of the defense which he was prevented from presenting because he was not notified of the trial date by the court or by counsel. The defendant has appealed from the trial court's judgment, assigning error in the denial of his motion.

The defendant assigns as error the failure of the trial court to find that he was not in the military service as required by Practice Book, 1963, § 284. Because that claim was not asserted as a ground for opening the judgment, we consider it for the limited purpose of determining whether the claim raises a question of a jurisdictional nature.

Whether the failure to comply with the provisions of Practice Book, 1963, § 284 is jurisdictional depends on whether such failure renders the judgment void or voidable. Section 284 implements the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1180, as amended, 50 U.S.C. App. § 520. The purpose of that statute is to protect those in the military service against default judgments. A default judgment rendered without a military affidavit is not void but voidable at the instance of a serviceman on a proper showing of prejudice and injury. *Snapp* v. *Scott*, 196 Okla. 658, 661; *Arenstein* v. *Jencks*, 179 S.W.2d 831, 833 (Tex. Civ. App.).

A default judgment may not be challenged on that ground by a person who was not in the military service at the time of its entry. *Poccia* v. *Benson,* 99 R.I. 364, 368. In this case not only did the defendant fail to allege in his motion to open that he was in the military service, but in oral argument before us he freely admitted that he was not a serviceman. The defendant gains nothing from this assignment of error.

The issue immediately before us is whether the court acted properly in denying the defendant's motion to open the default judgment. This, in turn, depends on whether the court acted properly in rendering the default judgment in the first place. A party may be defaulted for failure to appear either before or at trial. A default for failure to appear before trial may be had upon written motion of the opposing party with a copy served upon the defaulting party. Practice Book, 1963, §§ 42, 80 (1). The record before us fails to disclose that any such motion was filed, served, or granted.

The judgment recites that on June 30, 1977, the court, "on oral motion of the plaintiffs, defaulted the defendant for failure to appear for trial and proceeded to a hearing in damages." A default under those circumstances is disciplinary in nature for failure to comply with an order of the court. Practice Book, 1963, § 280; *Jenkins* v. *Ellis,* 169 Conn. 154, 159. When a case is assigned for trial the assignment is in essence an order of the court to proceed to trial. *New England Floor Covering Co.* v. *Architectural Interiors, Inc.,* 159 Conn. 352, 356; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33. Before a party can become bound by an order he must have notice of it. *Southern New England Telephone Co.* v. *Public Utilities Commission,* 165 Conn. 114, 118. Failure of a party to appear after

such notice constitutes ample cause for rendering a disciplinary default. *Automotive Twins, Inc.* v. *Klein,* supra. In the absence of such notice, however, the court is not justified in defaulting a party for failure to appear at trial.

The trial court found that the defendant knew or reasonably should have known of the trial date. That finding is not supported by the evidence or the record and, therefore, must be stricken. There is no evidence that the defendant had actual notice of the trial date. There is nothing in the record which shows that he was given notice by the court. Although the court found that on May 6, 1977, the plaintiffs notified the defendant's former attorney of the pendency of the proceedings, notice to an agent can be imputed to the principal only during the existence of the agency. *L. C. Bates Co.* v. *Austin, Nichols & Co.,* 143 Conn. 392, 394. Moreover, notice of the pendency of an action is not the same as notice of the assignment of a case for trial. Furthermore, in the absence of notice, the defendant had no duty to keep himself informed, on a periodic basis, of the status of his case on the trial list. There was, therefore, no basis for the court's conclusory statement that the defendant reasonably should have known that the case was reached for trial.

The plaintiffs' reliance on *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, for the proposition that the defendant was obligated to protect himself against a default whether notified or not is misplaced. *Testa* involved a motion for default for failure to appear before trial. At the time *Testa* was decided Practice Book, 1963, § 42 contained no requirement, such as is contained in the present section, that a copy of the motion for default be served on the defaulting party. Under § 42 as it

originally read, a party upon whom a complaint was served was obligated to appear either personally or by attorney or suffer the consequences. He was not entitled to receive additional notice that a default was about to enter.

The trial court also found that the plaintiffs made all reasonable efforts to notify the defendant of the trial date. That finding is not supported by the evidence. In any event, the court would not have been relieved of its responsibility to notify the parties of its order to proceed to trial on a given date by any efforts that the plaintiffs may or may not have made to notify the defendant of the trial date. At the hearing on June 30, 1977, one of the plaintiffs testified that as far as she knew the defendant was then in Stamford. Nevertheless, there was neither a showing nor an inquiry by the court respecting the efforts made to notify the defendant at his home or at his place of business. That is odd when one considers that at the hearing on the motion to open the default judgment the defendant's attorney observed, without challenge by the plaintiffs, that the defendant's place of business had been located in Stamford both before and after the entry of the default judgment and that after the judgment the plaintiffs' attorney had no difficulty reaching the defendant by letter at his business address.

The failure of the court or the plaintiffs to give the defendant reasonable notice of the trial date and an opportunity to be heard gave him a right to have the judgment opened as a matter of law; *Ackerman* v. *Union & New Haven Trust Co.*, 91 Conn. 500, 508; and the trial court's conclusion to the contrary, therefore, cannot stand.

There remains for consideration the applicability of the time limits contained in General Statutes

§ 52-212.[1] This statute provides that a default judgment may be set aside within four months succeeding the date on which it was rendered upon the complaint or written motion of the party prejudiced thereby. The plaintiffs contend that the four month period relates to action by the court and is jurisdictional in nature. A literal reading of the statute would support the plaintiffs' position. There are, however, times when courts must look beyond the literal meaning of the words used, to the mischief the law was designed to remedy and the policy behind it. *Kellems* v. *Brown,* 163 Conn. 478, 505–506. We also look to the circumstances which brought about the enactment under consideration. *Lee* v. *Lee,* 145 Conn. 355, 358.

To begin with, § 52-212 is remedial legislation. *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, 299. Prior to its original enactment in 1902 (General Statutes, Rev. 1902, § 748), default judgments could be opened, in appropriate cases, by the common-law remedy of a writ of error coram nobis, by the statutory petition for a new trial and by a suit in equity. *Jeffery* v. *Fitch,* 46 Conn. 601, 604. Each of those remedies required an independent proceeding. In addition, courts have the inherent power to open a judgment during the same term at which it is rendered; *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167; and even after the

---

[1] General Statutes § 52-212 (Rev. to 1977), entitled "Reopening judgment upon default or nonsuit," read, in pertinent part: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court or the court of common pleas may be set aside, within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or making the same. . . ."

term if proceedings to open are begun at the term at which the judgment is rendered. *Ferguson* v. *Sabo,* 115 Conn. 619, 622. What was lacking was a simple method of opening a default judgment by a motion filed after the end of a term provided that the motion was filed within the statutory time limit. Section 52-212 filled that gap by providing a simple and expeditious remedy for that purpose. *Dante* v. *Dante,* 93 Conn. 160, 164. It would frustrate the remedial purpose of this statute if a party who filed his motion within the time limit provided by the statute was compelled to resort to more time consuming and complex procedures because the court delayed in rendering its decision. A statute should not be construed so as to thwart its purpose. *Turner* v. *Scanlon,* 146 Conn. 149, 157. We, therefore, construe the time limit provisions of § 52-212 as a limitation on the prejudiced party rather than as a jurisdictional barrier to the exercise of judicial power.

There is error, the judgment is set aside and the case is remanded with direction to grant the defendant's motion to open the default judgment and thereafter to proceed according to law.

In this opinion D. SHEA and SPONZO, Js., concurred.