The plaintiff brought this action to recover rent due from the defendant. The defendant entered a pro se appearance. Subsequently, the trial court granted the plaintiff's motion for default for failure to plead. On July 13, 1981, after a hearing in damages, the court rendered judgment for the plaintiff to recover $1664.
Notices of the motion for default, the hearing in damages and the judgment were mailed to the defendant at the address stated in her pro se appearance. The defendant did not receive those notices because she had moved on April 3, 1981. She did not inform opposing counsel or the court of her change in address.
In May 1982, the plaintiff levied execution on the defendant's automobile. Thereafter, the defendant, through her counsel, filed motions to stay the execution and to open the earlier judgment. After a hearing, the trial court granted the motion from which the plaintiff has appealed. General Statutes 52-212 provides: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."
The plaintiff claims that 52-212 prohibits the granting of a motion to open a default judgment filed more than four months after the judgment was rendered. We agree.
A default judgment may be opened "within four months following the date on which it was rendered *Page 733 
. . . ." General Statutes 52-212; Practice Book 377. We have previously construed this provision as a time limitation binding on the prejudiced party. Ruggiero v. Ruggiero, 35 Conn. Sup. 581,587, 399 A.2d 187 (1978). The defendant's motion to open and set aside the judgment was filed on July 1, 1982, nearly twelve months after entry of the default judgment. The failure to file the motion within the required period precluded the court from granting the defendant's motion.
The defendant claims that the four month rule does not apply because she did not receive notice of the original judgment rendered against her. See Ruggiero v. Ruggiero, supra. We disagree. In Ruggiero, the defendant had never appeared in the case, whereas the defendant here had filed a pro se appearance. Notice sent to the address supplied by the defendant in her appearance form was sufficient to make the four month rule applicable.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.
DALY, COVELLO and HENNESSY, Js., participated in this decision.