[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM AS TO MOTION TO OPEN JUDGMENT OF NONSUIT (#106)
ISSUE
Whether the court may, in its discretion, grant the plaintiffs' motion to open the judgment of nonsuit despite the passage of more than four months since the judgment was rendered.
FACTS
The following facts are relevant to the disposition of the issues raised by this motion. On April 19, 1989, the plaintiffs, Alan J. and Paula Aliff filed this action in the Superior Court. On October 13, 1989, the defendant, Trevor J. Fromm, filed a motion for nonsuit for failure to disclose. The court, Higgins, J., granted this motion on January 22, 1990. On December 11, 1991, the plaintiffs filed the present motion to open the judgment of nonsuit.
At the hearing on the present motion before this court on April 20, 1992, the plaintiffs presented the testimony of their former attorney, Scott Garver. Attorney Garver testified that he represented the plaintiffs from January of 1989 until November of 1991, when Attorney Philip Zuckerman took over the plaintiffs' file. Attorney Garver also testified that he did not recall receiving any official notice of a judgment of nonsuit in the present case and that he only learned of the judgment when he was informed of it by Attorney Zuckerman in November of 1991.
Both plaintiffs testified that they, too, did not receive any notice of the judgment of nonsuit and had no actual knowledge of it until they were informed by Attorney Zuckerman in November of 1991.
Attorney Zuckerman testified that he examined the plaintiffs' file immediately upon receiving it from Attorney Garver and that at that time he found no notice of judgment in the file. Attorney Zuckerman also testified that he learned of the judgment of nonsuit only upon examining the court file shortly after being hired by the plaintiffs. CT Page 4074
DISCUSSION
 The power of a court to set aside a nonsuit judgment is controlled by [General Statutes] Sec. 52-212. Pantlin Chananie Development Corporation v. Hartford Cement Bldg. Supply Co., 196 Conn. 233, 234-35, 492 A.2d 159 (1985); [citations omitted]. The statute provides that any judgment rendered upon a nonsuit may be set aside upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action in whole or in part existed at the time of the rendition of the judgment and that the plaintiff was prevented by mistake, accident or other reasonable cause from prosecuting the action. It is thus clear that there is a two-pronged test for setting aside a judgment rendered after a nonsuit. [Citation omitted]. There must be a showing (1) that a good cause of action, that nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause. General Statutes Sec. 52-212; Practice Book Sec. 377; Pantlin Chananie Development Corporation v. Hartford Cement 
Bldg. Supply Co., supra, 235.
 . . . [W]e have long held that negligence is no ground for vacating a judgment, and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was a result of negligence. [Citations omitted.]
. . . .
 . . . [N]ot all deviations from ideal performance constitute negligence, and . . . a limited class of deviations may be excusable because they were the result of "mistake, accident or other reasonable cause." General CT Page 4075 Statutes Sec. 52-212. In those cases, a trial court may exercise its discretion and set aside a judgment of nonsuit.
Jaconski v. AMF, Inc., 208 Conn. 230, 237-39, 543 A.2d 728
(1988). "Unless the parties waive this four month time limitations, the trial court lacks jurisdiction to entertain a motion to open filed more than [four months] after a decision is rendered." Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518, 494 A.2d 549
(1985), citing General Statutes Sec. 52-212a and Practice Book Sec. 326 (allowing motions to reopen judgments on the merits).
The plaintiffs allege that they never received official notice of the judgment of nonsuit and that they did not receive actual notice of the judgment of nonsuit until November of 1991. The plaintiffs argue that their motion to open is timely because, although it was not filed within four months of rendition of judgment, it was filed within four months of receipt of actual notice of the judgment. The plaintiffs further argue that the inaction of Attorney Garver over the approximately twenty-two month period between the rendition of the judgment and the discovery thereof does not constitute negligence. The plaintiffs further argue that they had a good cause of action at the time the judgment was rendered. The plaintiffs conclude that the court has the discretion to grant their motion.
The defendant argues that, pursuant to Van Mecklenburg v. Pan American World Airways, Inc., supra, the court is without jurisdiction to open a judgment of nonsuit beyond the four month period provided in General Statutes Sec. 52-212 and Practice Book Sec 377. The defendant further argues that there exists a presumption that notice of the judgment was sent and received, and, therefore, the plaintiffs should be deemed to have had notice of the judgment as of January of 1990, rendering their present motion untimely. The defendant also argues that the inaction of the plaintiffs' counsel constitutes negligence and, accordingly, the court is without discretion to grant the motion.
I. Jurisdiction
It is well settled that when a party fails to receive the official notice of a judgment of default or nonsuit, the four month time period commences upon the receipt of actual notice. DiSimone v. Vitello, 6 Conn. App. 390,393, 505 A.2d 745 (1986); Keating v. Jordan,4 Conn. L. Rptr. 432, 432-433 (September 10, 1991, Langenbach, J.); CT Page 4076 Owens v. Bray, 1 Conn. L. Rptr. 446, 447 (April 4, 1990, Lewis, J.); Birden v. Romaniello, 2 CSCR 1029, 1030 (August 10, 1987, Goldstein, J.); Pirruccio v. Kabel's Luggage Shoppe, Inc., 2 CSCR 165, 166 (December 17, 1986, Corrigan, J.); DelMastro v. Santillo, 1 CSCR 889 (October 31, 1986, Shaughnessy, J.); see also Noethe v. Noethe, 18 Conn. App. 589,595-96, 559 A.2d 1149 (1989); contra, Strong v. Collier, 38 Conn. Sup. 731, 733, 462 A.2d 8 (App. Sess. 1983).
Where the court's order contains the clerk's notation that notice of the decision was sent to all parties, as here, there is a presumption that the clerk did send notice to the parties and the parties received such notice. DiSimone v. Vitello, supra, 393. This presumption is rebuttable. Keating v. Jordan, supra, 433. The uncontroverted testimony of the plaintiffs never received official notice of the judgment and did not have actual notice until November of 1991 rebuts this presumption. The plaintiffs had no notice of the decision until November of 1991. Because the motion to open was filed in December of 1991, the motion is timely and the court has jurisdiction to entertain it.
II. Mistake or Negligence
Negligence, for the purpose of motions to open pursuant to General Statutes Sec. 52-212, has been defined as the "`lack of due diligence or care.' Ballentine's Law Dictionary, (3ed.) p. 840." Cruz v. Marlon Starling Enterprises, Inc., 5 Conn. L. Rptr. 547, 548 (January 29, 1992, Aronson, J.). The court may, in its discretion, find that the inaction of the plaintiffs' attorneys during an approximately twenty-two month period between the rendition of judgment and the discovery thereof, in view of the lack of notice of the judgment received by the plaintiffs, does not constitute negligence.
III. Good Cause of Action
At the hearing of this motion before this court, the defendant conceded, for purposes of this motion, that the plaintiffs had a good cause of action at the time the judgment was rendered.
CONCLUSION
The court, in its discretion, grants the plaintiffs' motion to open the judgment of nonsuit notwithstanding the passage of more than four months since the judgment was rendered. CT Page 4077
AUSTIN, J.