[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN NONSUIT (NO. 111)
In the present action, a judgment of nonsuit and a dismissal of the action was entered by this court (Melville, J.) on April 27, 1992 (see pleading #109). The action was dismissed based on the plaintiff's failure to answer defendant's interrogatories and requests for production.
On May 3, 1993, the plaintiff filed a motion to set aside the judgment pursuant to Practice Book 326 and 377. In his supporting affidavit, the plaintiff's attorney states that he did not receive notice that a judgment had entered against the plaintiff until April 27, 1993. A copy of the notice, dated April 23, 1993, is attached to the plaintiff's motion.
General Statutes 52-212 provides a two-prong test for CT Page 5177 opening judgment, which is:
 (a) Any judgment rendered. . .upon a default or nonsuit. . .may be set aside, within four months following the date on which it was rendered or passed. . .upon the. . .motion of any party. . .prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment. . .and that the plaintiff. . .was prevented by mistake, accident or other reasonable cause from prosecuting the action. . . .
The plaintiff's attorney's affidavit establishes that the plaintiff has a good cause of action which existed at the time of judgment.
The defendant argues that the plaintiff failed to file her motion to open the nonsuit within the requisite four month period, and that the plaintiff cannot claim that she was prevented "by mistake, accident or other reasonable cause from prosecuting the action."
When a party fails to receive the official notice of a judgment of default or nonsuit, the four month time period commences upon the receipt of actual notice. DiSimone v. Vitello, 6 Conn. App. 390, 393, 505 A.2d 745 (1986) Aliff v. Fromm, 6 Conn. L. Rptr. No. 14, 413 (June 8, 1992) (Austin, J.); Keating v. Jordan, 4 Conn. L. Rptr. 483 (1991) (Langenbach, J.) Owens v. Bray, 1 Conn. L. Rptr. 446 (1990) (Lewis, J.); Birden v. Romanello, 2 CSCR, 1029, 1030 (1987) (Goldstein, J.); Pirruccio v. Kabel's Luggage Shoppe, Inc.,2 CSCR 165, 166 (1986) (Corrigan, J.): DelMastro v. Santillo,1 CSCR 889 (1986) (Shaughnessy, J.) see also Noethe v. Noethe,18 Conn. App. 589, 595-596, 559 A.2d 1149 (1989) contra, Strong v. Collier, 38 Conn. Sup. 731, 733, 462 A.2d 8 (App. Sess. 1983).
In the present case, the plaintiff attests that she did not receive an official notice of the judgment until April 27, 1993 (approximately one year after the judgment was entered). A copy of the official notice (attached to the plaintiff's CT Page 5178 motion) is dated April 23, 1993, (Emphasis added.)
In light of plaintiff's lack of actual notice of the judgment, the plaintiff was prevented "by mistake, accident or [by] other reasonable cause" from prosecuting the present action. Since the plaintiff appears to have a good cause of action, the court, in the exercise of its discretion, grants the plaintiff's motion to open the judgment of nonsuit.
BALLEN, JUDGE