[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION TO OPEN JUDGMENT OF DISMISSAL
The plaintiffs, Marceline and Adrienne Bell, filed a complaint sounding in negligence on February 22, 1991. The complaint names Regency Limousine, Inc., and John Courtney as defendants. On March 21, 1991, the defendants filed an answer and special defenses. On April 3, 1991, the plaintiffs closed the pleadings by filing a reply to the special defenses. On May 24, 1991, the defendants filed a motion for nonsuit for failure to comply with requests for disclosures and production, which was granted by this court (McKeever, J.) on June 24, 1991. The plaintiffs subsequently CT Page 7189 complied with the defendants' requests and the plaintiffs motion to open was granted by this court (Spear, J.) on October 15, 1991. Sometime thereafter, the case appeared on the dormancy calendar. A computer print-out in the file reflects that a "dormancy-pleading" (#105.70) was filed on August 21, 1992. On December 11, 1992, the action was dismissed pursuant to Practice Book § 251 for failure to prosecute the action with reasonable diligence. The computer print-out in the file reads "judgment of dismissal under PB-251 [sic] and notices sent — semiannual [sic] dormancy program only," and indicates that such notice was sent out on December 11, 1992.
On January 3, 1994, the plaintiffs filed a motion to open the judgment of dismissal, a memorandum of law and a supporting affidavit. On January 5, 1994, the defendants filed an objection to the plaintiffs' motion to open the judgment of dismissal together with a memorandum of law.
In a supporting affidavit dated March 15, 1994, the plaintiffs' attorney attests that he never received a notice of dormancy or a notice of judgment of dismissal from the court. The plaintiff's attorney attests that subsequent to October 15, 1991 (when the case was opened), the parties were involved in settlement negotiations and that one of the plaintiffs, Adrienne Bell, reached a settlement with the defendants. The plaintiffs' attorney further attests that he first learned of the judgment of dismissal on December 17, 1993, when he travelled to the Clerk's office and a court employee accessed this information on the court's computer. The plaintiffs' attorney attests that he reviewed the file on that date and the file did not contain a notice of dormancy or an entry of a judgment of dismissal. The plaintiffs' attorney further attests that the Clerk's office entered the earlier notice of dormancy and judgment of dismissal into the file after the plaintiff filed the instant motion to open.
In response the defendants contend that they received timely notice of the judgment of dismissal. The defendants further contend that the plaintiffs' motion to open the judgment of dismissal should be denied because the plaintiffs failed to open the judgment of dismissal within four months of the date that it was rendered, and also failed to bring a new action pursuant to the accidental failure of suit statute, General Statutes § 52-592.
 Practice Book § 251 provides in pertinent part that: If a party shall fail to prosecute an action CT Page 7190 with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to [Practice Book § 196], or on its own motion, render a judgment dismissing the action with costs. At least two weeks notice shall be required except in cases appearing on an assignment list for final adjudication. . . .
"The two week notice requirement, where applicable, allows a party to offer an explanation for his delay, or to cure the deficiency that is the basis for the proposed dismissal." Jaconski v. AMF,Inc., 208 Conn. 230, 234, 543 A.2d 728 (1988). At the hearing the plaintiffs' attorney testified that he never received notice of dormancy.
"[T]he proper way to open a [Practice Book] § 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book § 326." Pump Services Corp. v. Roberts,19 Conn. App. 213, 216, 561 A.2d 464 (1989). Practice Book § 326 provides that:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court . . . .
See also General Statutes § 52-212a. "Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." (Citations omitted.) VanMecklenburg v. Pan AmericanWorld Airways, Inc., 196 Conn. 517, 518, 494 A.2d 549 (1988).
While the rule in VanMecklenburg, supra, would seem to bar any motion to open which is not filed within four months after a decision is rendered, the holding in VanMecklenburg has not always been applied in cases where the movant claims that it did not receive actual notice of the judgment of dismissal until after the four month period for filing a motion to open the judgment of CT Page 7191 dismissal expired. In Noethe v. Noethe, 18 Conn. App. 589,559 A.2d 1149 (1989), the court stated that "[i]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." Id., 595. In DiSimone v. Vitello,6 Conn. App. 390, 505 A.2d 745 (1986), actual notice was deemed to trigger the beginning of the four month period. Id., 393. "[W]here a [party] does not otherwise have notice of a default judgment, such a delay would merely extend the time in which the [party] could move to set aside the judgment." Id. Thus, in the context of a motion to open or set aside a default judgment pursuant to Practice Book § 377 (and General Statutes § 52-212), courts have held that where a party fails to receive the official notice of a judgment of default or nonsuit, the four-month time period commences upon the receipt of actual notice. Noethe v. Noethe, supra, 595-96; DiSimone v. Vitello, supra, 393; Welchman v.Flanagan, 9 Conn.L.Rptr. 157 (May 27, 1993, Ballen, J.); Aliff v.Fromm, 6 Conn.L.Rptr. 412 (June 8, 1992, Austin, J.); Keating v.Jordan, 4 Conn.L.Rptr. 483 (1991) (Langenbach, J.); Owens v. Bray,1 Conn.L.Rptr. 446 (1990) (Lewis, J.); Birden v. Romanello,2 CSCR 1029, 1030 (1987) (Goldstein, J.); Pirruccio v. Kabel's LuggageShoppe, Inc., 2 CSCR 165, 166 (1986) (Corrigan, J.); DelMastro v.Santillo, 1 CSCR 889 (1986) (Shaughnessy, J.); Ruggiero v.Ruggiero, 35 Conn. Sup. 581, 585, 399 A.2d 187 (App. Sess. 1978). Contra, Strong v. Collier, 38 Conn. Sup. 731, 733, 462 A.2d 8
(App. Sess. 1983). "We find this reasoning applicable to motions to open judgments pursuant to General Statutes § 52-212a and Practice Book § 326 as well." Noethe v. Noethe, supra, 596. Accord,Morelli v. Manpower, Inc., 34 Conn. App. 419, 423, ___ A.2d ___ (1994).
When the file contains a print-out from the clerk's office which indicates that notice was sent out, this documentation raises a presumption that notice was sent and received. Batory v. Bajor,22 Conn. App. 4, 8, 575 A.2d 1042 (1990). See also DiSimone v.Vitello, supra, 393 (absent a finding to the contrary, a presumption that notice was given exists based on clerk's notation of mailing the notice of decision).
 Because the presumption is rebuttable, it follows that the plaintiff is entitled to a hearing to have an opportunity to present such rebuttal evidence. When the trial court is required to make a finding that "depends on issues of fact which are disputed, due process CT Page 7192 requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses.
(Citation omitted.) Morelli v. Manpower, Inc., supra,34 Conn. App. 424.
On June 21, 1994, pursuant to the appellate court's decision in Morelli v. Manpower, Inc., supra, this court held a hearing at which the plaintiffs' attorney testified under oath and subject to cross-examination by the defendants' attorney. At the hearing, the court examined the file and noted that it contained a computer print-out which indicates that notice of the judgment of dismissal rendered on December 11, 1992 ("JDNO"), was sent to all parties of record. At the hearing, the defendants' attorney stated that she received timely notice of the judgment of dismissal, and submitted as evidence the JDNO that she received in the mail from the clerk's office. Thus, in the present case there exists a rebuttable presumption that notice was sent and received by all parties of record.
At the hearing, the plaintiffs' attorney testified that he did not receive actual notice of the judgment of dismissal until December 17, 1993 (over one year after the judgment had entered against his client), when he went to the clerk's office to examine the file. The plaintiffs' attorney testified that when he examined the file on that date, it did not contain any notation that the case had been assigned to the dormancy program or that the case had been dismissed on December 11, 1992, and that he learned of the dismissal when a court employee accessed this information on the court's computer. The plaintiffs' attorney further testified that only after he filed the motion to open that is pending before the court did the file reflect that a judgment of dismissal had entered.
While the testimony of the plaintiffs' attorney rebuts the presumption that notice of dormancy and notice of the entry of the judgment of dismissal were sent to and received by the plaintiff, the court must also consider the plaintiffs' attorney's diligence with respect to his management of the file, as over one year passed between the date that judgment of dismissal entered and the date that the plaintiffs' attorney visited the clerk's office to inquire about the status of this case. While Practice Book § 326 and General Statutes § 52-212a do not set forth a list of what the CT Page 7193 movant must show in order to prevail on a motion to open a judgment of dismissal, the criteria for opening a judgment of dismissal is found in our case law. The opening of a judgment "is not to be granted readily, nor without strong reasons." (Citations omitted.)Breen v. Breen, 18 Conn. App. 166, 172, 557 A.2d 140 (1989). "Under [Practice Book] § 251, the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the `reasonable' section of the diligence spectrum." Jaconski v. AMF,Inc., supra, 234.
In making this determination, the court should consider the following factors in favor of granting the motion to open: (1) that the pleadings were closed well before the case was dismissed from the dormancy program; (2) that the plaintiffs' attorney attests that the parties were engaged in settlement negotiations prior to the time that this action went into the dormancy program, and that during this time, one of the plaintiffs (Adrienne Bell) reached a settlement with the defendants; and (3) that the plaintiffs' attorney attests that the remaining plaintiff (Marceline Bell) has a good cause of action against the defendants. At the hearing, the plaintiffs' attorney testified as follows: (1) that he has had problems with receiving mail at his office as the U.S. Postal Service occasionally delivers his mail to the wrong address; (2) that he had sent his paralegal to the clerk's office to check on the status of the file on at least two occasions during 1993 (after judgment of dismissal had been rendered) and the paralegal did not see any notations in the file regarding either dormancy or dismissal; (3) that he never received an official notice of dormancy from the court; and (4) that he did not receive notice of the judgment of dismissal until he personally visited the Clerk's office on December 17, 1993. It also should be noted that plaintiff filed the instant motion to open within four months of the date that he received actual notice of the judgment of dismissal. The court also considers the following arguments raised by the defendants' attorney against opening the judgment: (1) that the plaintiffs' attorney failed to file a timely claim to the trial list after the pleadings were closed; (2) that the plaintiffs' attorney was aware of the problems with his mail delivery and never took any corrective actions; and (3) that the plaintiffs' attorney failed to contact the clerk's office for over one year as he waited until December 17, 1993 to inquire about the status of the case.
After careful consideration of the facts in the case and the evidentiary hearing, the court finds with respect to the issue of CT Page 7194 notice that the plaintiffs' attorney did not receive actual notice of the judgment of dismissal until December 17, 1993. Based on the testimony and the facts, no event took place between the date that judgment was rendered (December 11, 1992), and the date of actual notice (December 17, 1993) which would be enough to give the plaintiffs' attorney even constructive notice of the judgment.
With respect to the issue of diligence, the plaintiffs' attorney acted with reasonable diligence in moving to open the judgment, as he had no notice of said judgment (either actual or constructive) prior to December 17, 1993, and he moved to open the judgment within four months of the date that he received actual notice of its existence.
Accordingly, the plaintiffs' motion to open the judgment of dismissal is granted.
BALLEN, J.