[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JUNE 28, 1996
Stephen Handy instituted this products liability action against Minwax Company, Inc. (Minwax) and Ring's End, Inc. (Ring's End) for property damage to Handy's house which occurred when a varnish product, manufactured by Minwax and distributed by Ring's End, burst into flames. On December 9, 1994, a dormancy dismissal was entered by the court in accordance with Practice Book § 251. The plaintiff moved to open the dismissal on February 21, 1996, and the court, Moraghan, J., denied the motion. It did grant reargument, however, and on April 29, 1996, held a hearing on the merits of the motion to open. At the hearing, the attorney for the plaintiff who was assigned to the case testified that although she had received a notice that the case was on the short calendar dormancy list, she never received a notice that the case actually had been dismissed. Counsel further testified that she continued working on the case after December 9, 1994, in good faith, having no knowledge that the case had been dismissed on that date. Counsel did admit, however, CT Page 5071 that the short calendar contains a notice that any case listed on the dormancy list will be dismissed if no action is taken by a certain date. Counsel also conceded that the pleadings were not closed by the date the case was to be dismissed for dormancy, and that the pleadings remain open today. Minwax objects to the plaintiffs motion to open the dismissal judgment.
"[T]he proper way to open a [Practice Book] § 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book § 326." Pump Services Corporationv. Roberts, 19 Conn. App. 213, 216. Practice Book § 326 provides, in part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed." (Emphasis added.)
"It is well recognized that where a motion to open a judgment is filed more than four months from the date of the judgment, the trial court lacks jurisdiction to open the judgment. ConnecticutPharmaceutical Assn., Inc. v. Milano, 191 Conn. 555 . . .Celanese Fiber v. Pic Yarns Inc., 184 Conn. 461, 465-66 . . . InCelanese Fiber, our Supreme Court held that a trial court lacked jurisdiction to open the judgment unless the otherwise provided by law exception applies . . . Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. Van Mecklenburg v. Pan American World Airways Inc.,196 Conn. 517, 518 . . . Gallagher v. Gallagher, 29 Conn. App. 482,483 . . ." (Citations omitted; internal quotation marks omitted.)Citicorp Mortgage Inc. v. Tarro, 37 Conn. App. 56, 59.
Counsel for the plaintiff argues that because she never received notice that the case actually had been dismissed — even though counsel admittedly received the dormancy calendar including its notice provisions with regard to dormancy procedures — the four-month period did not begin to run immediately. The plaintiff relies on A.E.P. Industries v. ClassicIce . Refrigeration Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130731 (April 21, 1995) (D'Andrea, J.), citing Noethe v. Noethe, 18 Conn. App. 589,595-96, 559 A.2d 1149 (1989), aff'd, 23 Conn. App. 805, 580 A.2d 1251
(1990), for the proposition that "[w]here a party fails to receive official notice of a judgment . . . [of dismissal for CT Page 5072 dormancy], the four-month time period commences upon receipt of actual notice."[1] In her memorandum of law, counsel also asserted that her first indication that the case had been dismissed was in a letter from Minwax's counsel, dated February 12, 1996, which was in response to a request by plaintiffs counsel to schedule depositions in the case. The motion to open was filed February 21, 1996 — well within four months of February 12, 1996.
In response, Minwax argues that the notice which appears on the short calendar provided actual official notice that the case would be dismissed on December 9, 1994, unless the parties took steps to prevent the dismissal from occurring.[2] Minwax further argues that there is a presumption raised that notices which are sent out by the court clerk's office are received by counsel, relying on Batory v. Bajor, 22 Conn. App. 4, 8, 575 A.2d 1042
(1986), cert. denied, 215 Conn. 812, 576 A.2d 542 (1990). Finally, Minwax argues that the plaintiff had constructive notice of the dismissal of the action since, according to the plaintiffs own chronology of events, there was absolutely no communication between counsel for one year after the dismissal, notwithstanding the fact that before that time, counsel communicated constantly regarding the matter. Accordingly, Minwax argues that the plaintiff has constructive, if not actual notice of the dismissal through the notice on the calendar and inaction between counsel regarding the case.
A.E.P. Industries v. Classic Ice Refrigeration, Inc.,supra, relied upon by the plaintiff, does hold that where a party does not receive official notice of a judgment, the four-month time period to open that judgment commences only upon actual receipt of such notice. Other cases have also reached the same conclusion. See Habura v. Kochanowicz, 40 Conn. App. 590, 592-93
(1996); DiSimone v. Vitello, 6 Conn. App. 390, 393, 505 A.2d 745
(1986). See also Bell v. Regency Limousine, 12 CONN. L. RPTR. 99,9 CSCR 787, 789 (July 5, 1994) (Ballen, J.), and cases cited therein. Since there is a presumption that notice sent out by the court clerk has been received; Batory v. Bajor, supra; the plaintiff must adequately rebut the presumption. The court finds that the testimony of counsel for the plaintiff credible, and also finds that the presumption of receipt of the notice sufficiently rebutted. Therefore, in accordance with A.E.P.Industries, it further finds that the four-month period did not begin to run until counsel for the plaintiff received actual notice of the dismissal. CT Page 5073
The court is not persuaded by Minwax's argument that the notice on the calendar constituted actual notice that the case would be dismissed if no further action was taken. Research has not revealed any cases in which a court has held, as Minwax argues, that the notice on the dormancy calendar constitutes actual notice that dismissal will enter on a fixed date. Indeed, if this were the case, there would be no need for courts to hold hearings to determine whether a party actually received notice of dismissal since notice would be imputed by virtue of the short calendar notice. Since courts have conducted such inquiries, and have held that "[w]here a party fails to receive official notice of a judgment . . . [of dismissal for dormancy], the four-month time period commences upon receipt of actual notice"; A.E.P.Industries v. Classic Ice Refrigeration, Inc., supra; the court rejects Minwax's argument regarding actual notice.
That does not end the court's inquiry, however, since in order for the court to open the judgment of dismissal, it must find that the plaintiff has adequately demonstrated that there is "good cause" to open the judgment. Hirtle v. Hirtle, 217 Conn. 394,398. "[I]n its sound discretion, the court must determine whether the [moving] party's diligence falls within the 'reasonable' section of the diligence spectrum." Bell v. RegencyLimousines, supra, 12 CONN. L. RPTR. 99, 9 CSCR 789, quotingJaconski v. AMF, Inc., 208 Conn. 230, 234.
In her memorandum, counsel for plaintiff does not present any reasons constituting "good cause" to open the dismissal judgment; counsel presents a chronology of events leading up to the dismissal of the case and documents how she worked on the case after the dismissal had been entered, albeit without her knowledge. At the hearing before this court, counsel testified that there were two "Minwax" files in her office which arose out of the same defective product, one of which was this action. Presumably, therefore, since counsel was aware of activity involving a Minwax file, the dismissal was not brought to her attention until she attempted to take depositions in this file.
Consequently, the court finds, by the narrowest of margins, that there is "good cause" to open the judgment of dismissal under Sec. 251 and, therefore, worthy of relief based upon counsel's testimony which is found to be credible that she was unaware of the dismissal due to two files regarding the same subject matter being open in her office simultaneously. The motion to open the judgment of dismissal is, accordingly, CT Page 5074 granted.
MORAGHAN, J.