[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO OPEN JUDGMENT (#105)
While the language of P. B. § 17-4 and 17-43 differ, the four month period referred to in the latter is not a limitation on the jurisdiction of the court but a rather a limitation on the moving party Ruggiero v. Ruggiero, 35 Conn. Sup. 581 (1978),Carter v. D'Urso, 5 Conn. App. 230, 234 (1985). The filing of the prescribed motion within four months satisfies the jurisdictional requirement.
The defendant argues that the defendant's counsel gave the defendant improper advice to do nothing after the conservatrix found the summons and complaint among her ward's effects. The record shows that the papers were found several months after commencement of the action but substantially prior to the commencement of the trial (November 21, 1997) and the entry of judgment by the court (February 6, 1998). The defendant asserts as reasonable cause to open the judgment the fact that she relied on the bad advice of her attorney.
The defendant admits that there is no legal requirement that the conservator be served with process and so there is no challenge to the jurisdiction of the court on the grounds of insufficiency of service. The plaintiff argues that it is unconscionable for the defendant to lay back and consciously not appear in the action, wait for an adverse result and then move to set aside that result. The court agrees.
The guidelines which govern the court's discretion are clearly set forth in P. B. § 17-43. In order to warrant opening a judgment the moving party must satisfy the court that he/she was prevented by mistake, accident or other reasonable cause from appearing and defending the action. The movant's reliance on her attorney's improper advice does not satisfy this CT Page 9504 standard. In fact, the court believes that the movant's conduct constitutes inexcusable neglect in that it demonstrates careless disregard for the consequences of the decision. Trichello v.Trichello, 190 Conn. 774 (1983); Pioneer Investment Services Co.v. Brunswick Associates Limited Partnership, 123 L.Ed.2d 74
(1943).
For the foregoing reasons the motion is denied.
MOTTOLESE, JUDGE.