[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO OPEN (DOCKET ENTRIES NO. 197, 198 AND 199)
On February 25, 1992, the plaintiffs, Clifford Wren and Barbara Wren, filed an application for a prejudgement remedy against the defendants, MacPherson International, Robert Roth, Roger Roth and Robert Allred. After a hearing, the court, Lewis, J., granted the application in the amount of $700. During the prosecution of their case, the plaintiffs served upon the defendants numerous requests for production and interrogatories.[1] The defendants failed to reply to these requests, and as a result, the plaintiffs filed several motions to compel (Docket Entry #'s, 104, 106, 107, 112, 113, 122, 126 and 127). The court,Pittman, J., ordered the defendant's to comply within thirty days. Because the defendants failed to comply with the court's orders, the plaintiffs filed a motion for default (Docket Entry # 142). The court,Freedman, J. granted the motion for default on December 5, 1994. On July 15, 1998, the case came up on the hearing in damages calendar, but did not proceed at that time. The court, Mottolese J., ruled that the defendants were precluded from asserting any defense as to liability, but could assert defenses concerning damages. The court also ruled that the case be placed on the next hearing in damages calendar. (Docket Entry # 183) On August 7, 1998, the court, Mottolese, J., called the hearing in damages calendar. The clerk informed the court that the defendants' attorney had filed a motion for continuance on August 4, 1998, and had called the clerk's office just prior to the calendar call to follow up, and stated that he was at the airport on his way out of town. The court denied the motion for continuance, and sent the case to Judge Melville for a hearing to the court in damages. At the hearing, with no defendants present, the court entered judgment against the defendants, with costs based on the uncontested evidence presented by the plaintiffs. On September 2, 1998, the defendants filed a motion to open the judgment, which was denied by the court, Mottolese, J., on February 22, 1999. In its memorandum of decision, filed by the court in response to a motion for articulation, the court found that the defendants did not establish that their failure to attend the hearing in damages was due to mistake, accident or other good cause shown. On June 22, 1999, the defendants filed a renewed verified motion to open the judgment (Docket Entry # 198), which motion is currently before the court.
Practice Book § 17-43(a) provides in pertinent part: "Any judgment rendered . . . upon a default . . . may be set aside within four months succeeding the date on which notice was sent upon the written motion of any party or person prejudiced thereby, showing reasonable cause. . . ." Pursuant to General Statutes § 52-212,[2] a motion to set aside a judgment must be filed within four months of the date judgment was rendered. The trial court lacks jurisdiction to entertain a motion to open the judgment filed outside that four month period. Bufferd v. Yost,51 Conn. App. 1, 2-3, 719 A.2d 487 (1998). CT Page 14375
In the present case, the judgment was rendered upon default after a hearing in damages on August 7, 1998. On September 2, 1998, the defendants filed a timely motion to open the judgment, but that motion was denied by the court, Mottolese, J. The defendants argue that because the first motion to open tolled the appeals period pursuant to Practice Book § 63-1(b), the judgment upon default did not become a final judgment until the court denied the defendants' first motion to open on February 22, 1999. Hence, the defendants argue, the four month period for filing a motion to open did not begin to run until February 22, 1999. This argument is without merit.
The defendants had two options upon receiving notice that judgment had been rendered and entered against them. First, the defendants could appeal the judgment within twenty days. (Practice Book § 61-1) Second, the defendants could file a motion to open within four months. (Practice Book § 17-43) If a motion to open is filed within the twenty day appeal period (Practice Book § 63-1(a)), such filing tolls the twenty-day appeal period until the court renders its decision on that motion. (Practice Book § 63-1(c)(1)). This is so because a motion to open has the potential, if granted, to render the judgment upon default ineffective. Nonetheless, a judgment entered by the court upon default after a hearing in damages is a final judgment because it disposes of the entire claim. See Practice Book § 61-2; see also BlueCross Blue Shield of Connecticut v. Gurski, 49 Conn. App. 731, 733,715 A.2d 819, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998). Hence, a motion to open, if filed within twenty days, tolls the appeal period until the court renders a decision, but such a filing does not toll the four month period for filing a motion to open set forth in Practice Book § 17-43 and General Statutes § 52-212 for filing a motion to open.
The defendants further argue that the court has continuing jurisdiction over this case such that the four month limitation does not apply, pursuant to General Statutes § 52-212a. The cases the defendants cite for this proposition, however, are distinguishable. In Gardner v. Plato,44 Conn. App. 742, 692 A.2d 843, cert. denied, 241 Conn. 922, 696 A.2d 1265
(1997), the case was dismissed as a result of an administrative mistake, and the plaintiff filed a timely motion to open. After originally denying the motion to open, the trial court, sua sponte, granted the same motion
more than four months after the judgment had been entered. The Appellate Court held that, given the unusual circumstances surrounding the dismissal, the trial court properly exercised its equity powers to open the judgment even after the four month period had passed because the motion was filed timely. In the present case, although the first motion to open was timely, the second one was not. Further, the defendants' do not claim an administrative mistake caused the court to dismiss their CT Page 14376 case. To the contrary, it was the defendants' failure to comply with a court order regarding discovery that prompted the court to place the case on the hearing in damages calendar and then resulted in the judgment against them.
In Ruggiero v. Ruggiero, 35 Conn. Sup. 581, 399 A.2d 187 (App. Sess. 1978), the defendant, whose attorney had withdrawn from the case, did not receive the court's notice of his trial date. When the defendant failed to appear, the court entered a default against him for failure to appear. The defendant filed a timely motion to open, which the court denied. The Appellate Court held that because the defendant had not received notice, the judgment was voidable. The court directed the Superior Court to open the judgment despite the fact that the four months had passed. The court explained that the four month period is a limitation on the grieved party's right to file a motion to open, not a limitation on the court's power to act on a timely filed motion. In the present case, it is undisputed that the defendants, through their attorney, knew that the case was being called for hearing in damages. Further, unlike the parties in Ruggiero and Gardner, the defendants here did not file their motion to open within the four month period. The lesson to be gleaned from these cases and which distinguishes them from the present case is that a timely filing of a motion to open does not implicate subject matter jurisdiction while an untimely filed motion most certainly does. Consequently, the court is powerless to entertain such motions filed beyond the four month period.
The present renewed motion to open was not filed until June 22, 1999, well beyond the fourth month period from the date judgment entered.[3]
Therefore, the court lacks subject matter jurisdiction to entertain it. In Kim v. Magnotta, 249 Conn. 94, 104, 733 A.2d 809 (1999), the court reasoned "that the substantive provisions of § 52-212a are fully enforceable as a limitation on the authority of the trial court to grant relief from a judgment after the passage of four months. Thus constrained, § 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." Accordingly, the court must deny the defendants' renewed verified motion to open.
Defendant's verified motion to open is hereby DENIED.
MELVILLE, J.