HARRY DiSIMONE *v.* ANTOINETTE VITELLO ET AL.
(3551)

BORDEN, SPALLONE and DALY, Js.

Argued November 25, 1985—decision released March 11, 1986

*Donn A. Swift,* for the appellants (named defendant et al.).

*Fred H. White, Jr.,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from the trial court's denial of the defendants' motion to set aside a default judgment rendered, after a hearing in damages, more than three years earlier. The defendants claim that the denial of their motion was improper because (1) they did not receive notice of the judgment as required by Practice Book § 354, (2) the Superior Court clerk's office failed to provide the defendants with notice of the hearing in damages in accordance with Practice Book § 368, (3) the hearing in damages was held in violation of General Statutes § 52-221, thereby preventing the defendants from offering defenses to the action and challenging the amount of damages, and (4) they

had alleged good grounds to warrant setting aside the judgment. We find no error.

The plaintiff's complaint alleged that he was assaulted in the defendants' bar on August 28, 1976, and sustained serious physical injury. The record shows that the defendants were properly served with the complaint on August 16, 1978.[1]

On August 24, 1979, a default for failure to appear was entered against the defendants upon the plaintiff's noticed motion. See Practice Book § 352. On December 11, 1980, after an uncontested hearing in damages, the court rendered judgment for the plaintiff and awarded $22,000 in damages. The clerk's certification on the memorandum of decision indicates that a copy of the memorandum was sent to the parties. Thereafter, the plaintiff's lawyer mailed a letter dated July 29, 1983, to the defendants indicating the terms of the judgment and requesting its satisfaction.

No action was taken on the defendants' behalf until May 18, 1984, when the defendants moved to set aside the default judgment. The defendants alleged that the default was entered and judgment rendered without the proper notice required by Practice Book §§ 354, 367 and 368. The plaintiff opposed this motion, claiming that the defendants had been properly notified as to the default and hearing in damages. He also alleged that the default was the result of the defendants' own negligence. The court denied the defendants' motion. This appeal followed.

"A civil judgment of the Superior Court may be opened if a motion to open or set aside is filed within four months of the issuance of judgment. Practice Book § 326." *Steve Viglione Sheet Metal Co.* v. *Sakonchick,*

---

[1] The sheriff's return indicates that the defendant, Antoinette Vitello, was served personally, and that the defendant, Pat Vitello, was served by abode service. See General Statutes § 52-57.

190 Conn. 707, 710, 462 A.2d 1037 (1983). A trial court's denial of a timely motion to open a judgment will not be disturbed on appeal unless the court acted unreasonably and in clear abuse of its discretion. See *Yanow* v. *Teal Industries, Inc.,* 196 Conn. 579, 583, 494 A.2d 573 (1985); *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* supra, 711. After this four month period has expired, the court no longer has jurisdiction to make other than clerical modifications or corrections. *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 518, 494 A.2d 549 (1985). Absent a claim of lack of subject matter jurisdiction; see, e.g., *Broaca* v. *Broaca,* 181 Conn. 463, 466–67, 435 A.2d 1016 (1980); the rules of practice allow for substantive modification of a judgment beyond the four month period where the parties have consented or where the court has continuing jurisdiction. Practice Book § 326.

The defendants do not claim that the court's jurisdiction is continuing or by consent. The defendants' claims of error in substance challenge the jurisdiction of the court to render the default judgment because of lack of proper notices to them preceding and subsequent to the default and judgment. Our analysis of their first claim leads us to conclude that the court did not err in refusing to set aside the judgment, because the defendants' motion was untimely and the court therefore lost jurisdiction to grant it.

The defendants' first claim is that they were never notified of the default as required by Practice Book § 354. That section states in pertinent part that "[a] notice of every . . . judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be mailed forthwith by counsel of the prevailing party to the party against whom it is directed and a copy of such notice shall be sent to the clerk's office." In the present case, the judgment after default was rendered after the hearing in

damages. Practice Book § 354 requires that notice to a nonappearing party be sent by the adverse counsel only after the judgment is rendered, not after entry of the default. The plaintiff's counsel substantially complied with this section by his July 29, 1983 letter to the defendants.

Although this letter was dated two and one-half years after the judgment was rendered against the defendants, this delay does not constitute a jurisdictional defect. At the most, where a defendant does not otherwise have notice of a default judgment, such a delay would merely extend the time in which the defendant could move to set aside the judgment. Furthermore, the clerk's notation on the court's memorandum of decision awarding damages indicates that a copy of the decision was sent to the defendants. Thus, we presume that the clerk did so; *Wright* v. *Bourbeau,* 3 Conn. App. 512, 519, 490 A.2d 522 (1985); and, in the absence of a finding to the contrary, that the defendants received it. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Cole,* 189 Conn. 518, 533, 457 A.2d 656 (1983). The defendants did not seek to have the judgment set aside until May 18, 1984, more than nine months after the date of the plaintiff's counsel's letter, and three and one-half years after receiving a copy of the decision. Since the defendants' motion was filed more than four months after they received actual notice of the judgment, the court lacked jurisdiction to set the judgment aside.

The defendants' second and third claims of error do not challenge the untimeliness of their motion to set aside the judgment, which the court lacked jurisdiction to grant. Thus, we need not consider those claims.

There is no error.