MAURICE D. LYNCH *v*. ANITA J. LYNCH
(5238)

SPALLONE, BIELUCH and STOUGHTON, Js.

Argued December 15, 1987—decision released February 16, 1988

*Melissa A. Grauel,* with whom, on the brief, was *Marcella Gereg,* for the appellant (defendant).

*Maurice D. Lynch,* pro se, the appellee, filed a brief.

SPALLONE, J. The defendant appeals the postjudgment orders entered by the trial court in an action for dissolution of marriage. The marriage of the parties was dissolved by the court on May 4, 1983. The judgment mandated that the plaintiff former husband pay to the defendant former wife the sum of $87.50, per week, for child support.

On April 30, 1985, the plaintiff filed a pro se appearance and a motion to modify child support which contained a certification that a copy of the motion was

mailed to the defendant on April 30, 1985. The motion for modification was heard on the short calendar for May 13, 1985. The defendant did not file an appearance, nor did she appear in court to oppose the motion. The court, *Moraghan, J.,* after questioning the plaintiff and learning of the plaintiff's unemployment, stated: "At this point, it appears as though the motion for modification is well taken." The court then entered an order changing the child support payments from $87.50 per week to $30 per week for a period of four weeks. The court ordered that a review of the order be scheduled for June 10, 1985. On that date, the court entered an order as follows: "The plaintiff having come before the court for review of orders entered pursuant to the plaintiff's Motion for Modification, it is hereby ORDERED: That the orders entered May 13, 1985, shall continue in effect. The matter is continued to July 15, 1985, at 2 p.m. for further review." The defendant did not attend that hearing.

On July 15, 1985, pursuant to the continuance contained in the order of June 10, 1985, the plaintiff again appeared before the court and again the defendant failed to attend the proceedings. The July 15, 1985 court order stated in part: "The plaintiff shall pay the sum of $30 per week as child support. The order is permanent as of today's date and until such time as the Plaintiff obtains employment. As soon as the Plaintiff is employed he shall notify the Defendant and the amount of child support shall return to $87.50 per week." On this order, there is a notation initialed by the clerk of the court that a copy was sent to the defendant on July 25, 1985.

The defendant filed a pro se appearance on August 1, 1985. She took no further action, however, and continued to accept the $30 per week payments of child support for the next year. On April 15, 1986, counsel filed an appearance on behalf of the defendant. On

May 1, 1986, counsel for the defendant filed a motion to open or modify the order of child support. In her motion, the defendant claimed that she had never been notified of the date of any of the court proceedings held pursuant to the plaintiff's original motion to modify, nor of the subsequent dates when the court reviewed its orders. The defendant acknowledged that she received notice of the court's July 15, 1985 order which required the plaintiff to notify her when he became employed and at which point the support order was to return to $87.50 per week. She also alleged in her motion that the plaintiff was indeed employed but had not increased the payments to $87.50 per week as required under such order.

The trial court, *W. Sullivan, J.,* conducted a hearing and took evidence as to whether the defendant had actual notice of the earlier hearings held before Judge Moraghan, and, finding that the defendant had indeed received notice, refused to vacate the previous order. The court did find that the plaintiff was employed and pursuant to the order of July 15, 1985, found that the plaintiff owed an arrearage of $1495 in his support payments. The defendant has appealed that order.

The defendant claims that the trial court erred (1) in finding that she had notice of the May 13, 1985 or July 15, 1985 hearings on the plaintiff's motion to modify, (2) in refusing to open and vacate the order of May 13, 1985, and (3) in determining the amount of the arrearage.

Regarding the first claimed error, the question of whether the defendant had notice of the hearings is one of fact to be determined by the trial court. Our review of the record and transcripts amply supports the trial court's finding of notice. The defendant is asking us to retry that issue. On appeal, the function of this court is limited solely to the determination of whether the

factual findings of the trial court are clearly erroneous in view of the evidence and pleadings in the whole record. Practice Book § 4061, *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981). It is the province of the trial court to pass upon the credibility of the witnesses and the weight to be accorded the evidence. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976). This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found, thereby establishing that the trial court could reasonably conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982). The defendant's assertion that there was no factual basis to support the trial court's finding of notice is without merit. Because the defendant's second claim of error is similarly based on the alleged lack of notice, it must also fail. The court specifically found notice was given.

The defendant's final claim, that the court erred in computing the amount of arrearage owed by the plaintiff, is also meritless.[1] The defendant claims that the July 15, 1985 order of the court was self-executing in that, immediately upon being reemployed in October, the plaintiff's obligation for child support returned to $87.50 per week. The defendant further argues that the fact that the plaintiff subsequently became unemployed again in January of 1986 should not have reduced the plaintiff's obligation for support payments back to $30

---

[1] The court computed the arrearage by taking into consideration the period of time between June of 1985 and May of 1986 that the plaintiff was employed—approximately twenty-six weeks—and assessed a $57.50 per week charge to account for the discrepancy between the $30 the plaintiff had paid, and the $87.50 that he should have paid. Because the plaintiff had again become temporarily unemployed for approximately three weeks in early 1986, the court did not assess the $57.50 charge for those weeks. It is this portion of the calculation that the defendant claims is erroneous.

per week without a further order of the court. We disagree, primarily because the defendant accepted the reduction to $30 per week in child support for over a year and, secondarily, because the obvious intent and logic of the prior orders was to take into consideration the plaintiff's inability to pay during his periods of unemployment. In deciding support matters, the trial court exercises its equitable powers and we note that "[t]he power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975); see also *Anderson* v. *Anderson,* 191 Conn. 46, 57, 463 A.2d 578 (1983); *Moore* v. *Moore,* 187 Conn. 589, 590, 447 A.2d 733 (1982). Further, our review is limited to determining whether the trial court abused its discretion in making its financial award. *Barnes* v. *Barnes,* 190 Conn. 491, 494–95, 460 A.2d 1302 (1983). We find no abuse of discretion in the court's computation of arrearage. To the contrary, we hold that the court's finding of arrearage was logically and legally sound under the facts and circumstances in this case.

There is no error.

In this opinion the other judges concurred.