## WALTER BATORY *v.* STANLEY BAJOR
## (7859)

DUPONT, C. J., BORDEN and NORCOTT, Js.

Argued February 14—decision released May 4, 1990

*Kenneth A. Votre,* for the appellant (plaintiff).

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellee (defendant).

BORDEN, J. The plaintiff[1] appeals from the denial of his motion to open the judgment. The action underlying this appeal sought to set aside a real estate conveyance on the ground that the defendant procured the deed by fraud. Because the trial court, *Cioffi, J.,* ren-

---

[1] On June 28, 1988, a conservator was appointed for the plaintiff because he was no longer competent to handle his own affairs. On February 27, 1989, the trial court, *Lewis, J.,* granted the motion of the conservator, Henry Markiewic, to be substituted as party plaintiff in this action. Because the dismissal of this action in May, 1988, preceded the appointment of the conservator, we refer to Walter Batory as the plaintiff.

dered a disciplinary judgment of dismissal against the plaintiff, it did not reach the merits of the case. The trial court, *Lewis, J.*, denied the plaintiff's motion to open the judgment, and thereafter affirmed the denial of the motion to open after hearing arguments by both parties pursuant to the plaintiff's motion to reargue.

The plaintiff claims that the trial court should have granted the motion to open because (1) the judgment of dismissal was void ab initio in the absence of notice of the dismissal, (2) due process requires that the judgment be opened, (3) under the circumstances of this case, the court not only had the jurisidiction to open the judgment, but also the obligation to do so, and (4) the court abused its discretion by not abiding by its prior representations made to the plaintiff. We affirm the trial court's judgment.

The procedural posture of this case is as follows. In June, 1987, the plaintiff brought an action against the defendant alleging that the defendant had procured a deed by fraud. In August, 1987, because of the plaintiff's advanced age and deteriorating health, plaintiff's counsel moved to preserve his testimony by videotaping his deposition. See Practice Book § 244. The trial court, *Cioffi, J.*, granted the plaintiff's motion.

Because of alleged misconduct of the plaintiff's attorney at this deposition, the defendant, pursuant to a motion for order dated October 13, 1987, moved to dismiss the action under Practice Book § 231.[2] See *Pavlinko* v. *Yale-New Haven Hospital,* 192 Conn. 138, 470 A.2d 246 (1984). The defendant claimed that the plain-

---

[2] Practice Book § 231 provides: "If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Sec. 230A, or has failed to comply with the provisions

tiff's counsel unilaterally terminated the plaintiff's deposition without affording him an opportunity for cross-examination. This motion, designated as no. 112, was heard by Judge Cioffi at the May 23, 1988 short calendar, approximately seven months after it was filed. The apparent reason for this delay was that the motion was being repeatedly reclaimed. In addition to this motion for order, the defendant also had before the court a motion for dismissal dated March 8, 1988, designated as no. 135, which sought to dismiss the action based on the plaintiff's failure to respond to discovery requests. Although the plaintiff's counsel was not present at the May 23 hearing, the motion for order was heard based on the assurances of the defendant's attorney that the plaintiff's attorney was aware that the motion would be going forward. The court then dismissed the case in accordance with Practice Book § 231. According to Judge Cioffi's April 17, 1989 articulation, the dismissal was based on the representations made by the defendant's attorney and the fact that the plaintiff's attorney failed to appear and argue any facts to the contrary.

As noted in Judge Lewis' April 17, 1989 articulation of his denial of the plaintiff's motion to set aside the dismissal, there were two errors made by the Superior Court clerk's office in the recordation and notification to parties of Judge Cioffi's dismissal. First, the clerk marked motion no. 112, the motion for order, as "off" and marked motion no. 135, the motion for dismissal, as granted. This was incorrect. It was the motion for order that was, in fact, heard and granted by the court. Second, according to the computer printout from the clerk's office, notice of dismissal was sent to the par-

of Sec. 232, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Secs. 222, 226, and 229, the court may, on motion, make such order as the ends of justice require."

ties the day of the hearing, May 23, 1988. The print-out indicated, however, that the dismissal was granted pursuant to Practice Book § 251[3] for failure to prosecute with diligence. Although the documentation indicates that notice of dismissal was duly sent, the particular rule of practice on which the dismissal was based was incorrect. Judge Cioffi granted the dismissal pursuant to § 231 as a sanction for the conduct of the plaintiff's attorney at the deposition.

On or about October 25, 1988, the plaintiff's attorney moved to open the judgment of dismissal, claiming that he had not received written notice of the dismissal until October 14, 1988, when the clerk's office, in the course of returning papers to him that he had attempted to file, sent him a transmittal sheet indicating that a judgment of dismissal was entered on May 23, 1988. The defendant promptly objected to the plaintiff's motion to open as untimely. See General Statutes § 52-212a; Practice Book § 326; *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 518, 494 A.2d 549 (1985) (absent a waiver of the four month time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered). At the December 19, 1988 short calendar, Judge Lewis denied the plaintiff's motion. The plaintiff's counsel did not appear at short calendar session to argue the motion.

The plaintiff then requested, pursuant to a motion to reargue dated January 5, 1989, an opportunity to argue the motion to open. Judge Lewis granted the plaintiff's motion. After a hearing on February 10, 1989, the court reaffirmed its denial. The court

---

[3] Practice Book § 251 provides in pertinent part: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs."

expressly concluded in its articulation that notice was sent and received. The court based its finding of notice on the fact that a computer printout from the clerk's office indicated that notice was sent, and that this documentation raised a presumption that notice was sent and received. See *DiSimone* v. *Vitello,* 6 Conn. App. 390, 393, 505 A.2d 745 (1986) (presumption from clerk's notation of mailing copy of decision that parties received it, in absence of a finding to the contrary). This appeal followed.

The plaintiff's first three claims all require that this court accept the factual predicate that no written notice of the May 23, 1988 dismissal was ever sent to or received by any counsel of record. The plaintiff argues that there was never any written notice. He claims that it is a matter of record that no notice of the *particular* dismissal based on the motion for order was ever sent, and, insofar as the notice that was indicated in the court file, that is, the dismissal for failure to prosecute with due diligence, neither counsel for the plaintiff nor the defendant apparently received that notice. We are not persuaded.

While courts have an inherent power to open, correct and modify judgments; *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 710, 462 A.2d 1037 (1983); the duration of this power is restricted by statute and rule of practice. In order for a trial court to open a civil judgment, a motion to open or set aside must be filed within four months of the date that judgment is rendered. General Statutes § 52-121a; Practice Book § 326; *DiSimone* v. *Vitello,* supra, 391–92. A ruling on a timely filed motion to open is within the trial court's discretion, and appellate review is limited to whether the court has acted unreasonably or in abuse of its discretion. *Pump Services Corporation* v. *Roberts,* 19 Conn. App. 213, 215, 561 A.2d 464 (1989). Where,

however, the motion is untimely and the time limitation has not been waived, the trial court is without jurisdiction to entertain the motion. *Van Mecklenburg* v. *Pan American World Airways, Inc.,* supra, 518. Whether a party has been given notice is a question of fact; *Noethe* v. *Noethe,* 18 Conn. 589, 596, 559 A.2d 1149 (1989); *Lynch* v. *Lynch,* 13 Conn. App. 433, 436, 537 A.2d 503 (1988); and where a trial court finds that notice has been given, we limit our review to whether that finding was clearly erroneous. *Lynch* v. *Lynch,* supra, 436–37.

The trial court specifically found that the plaintiff received notice of the dismissal, a finding that was not clearly erroneous given the clerk's office documentation that it had before it. See *DiSimone* v. *Vitello,* supra, 393. The plaintiff's first three claims require that we retry that issue. This we will not do.

In this case, the court in ruling on the plaintiff's motion to open properly pierced the mistakes made by the clerk's office and based its ruling on what it found to have actually transpired. Cf. *State* v. *Pena,* 16 Conn. App. 518, 533, 548 A.2d 445, cert. denied, 209 Conn. 830, 552 A.2d 1217 (1988) (when the clerk has made a mistake, the court may amend the record). The court found that notice of the dismissal was provided, albeit based on a rule of practice different from that on which the trial court had based its ruling. The trial court found this discrepancy to be immaterial for purposes of notice, and we agree. We can discern no reason, nor has the plaintiff proffered one, as to why a notice of dismissal based on § 251 rather than on § 231 would have prejudiced the plaintiff in filing a timely motion to open the judgment under General Statutes § 52-212a. The notice indicated that the trial court dismissed his action. This was sufficient for the plaintiff to have timely filed a motion to open. Since the court reasonably found that such notice was given, the plaintiff's first three claims have no merit.

The plaintiff's fourth claim does not challenge the untimeliness of his motion to open, which the court lacked jurisdiction to grant. Thus, we need not consider this claim. See *DiSimone* v. *Vitello,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.