[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's Motion to Reopen the Judgment of August 30, 1982 is hereby denied.
The lack of demonstrated compliance with Connecticut Practice Book 354 serves to extend the four month time period within which the defendants may seek to set aside the judgment against them. DiSimeone v. Vitello, 6 Conn. App. 390 (1986). That section does nothing however to alter the two part test set forth in Connecticut Practice Book 377 and Connecticut General Statutes 52-212 (b) which determines when a motion to reopen can be granted. As pronounced therein, the aggrieved party must demonstrate
 1. That a good defense existed at the time judgment was rendered and
 2. That the party seeking to disturb the judgment was prevented from making that defense because of mistake, accident or other reasonable cause.
CT Page 5861
Pantlin and Chananie Development Corp. v. Hartford Cement and Building Supply Company, 196 Conn. 233 (1985) and Triton Associates vs. 6 New Corporation, Et Al, 17 Conn. App. 172
(1988).
As the evidence clearly establishes, the defendant involved herein received the true and attested copy of the original writ, summons and complaint that had been deposited at his Post Office Box 4073, Bridgeport, Connecticut. He signed the receipt for said documents, but has no independent recollection of having done so or of opening the envelope containing said documents. Nevertheless, they were received by him and his decisions not to file an appearance, retain counsel, present a defense, etc. are ones for which only he can assume responsibility. Those choices were knowingly, if not intelligently made and do not come within the guidelines of the Practice Book and Statute that allow for the reopening of a judgment.
KATZ, JUDGE