[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jason Byron, a minor, acting by his father and next friend, Roy Byron, seeks to compel the defendant, Safeco Insurance Companies of America (Safeco), to proceed with arbitration with respect to the uninsured/underinsured (UM) motorist coverage it provided to the plaintiff. General Statutes 52-410.
It was found that Jason Byron had been involved in a motor vehicle accident on April 30, 1991, in which he sustained personal injury. A claim was made against the tortfeasor whose carrier paid the plaintiff $100,000, the full limit of its policy. The plaintiff then sought arbitration from his own carrier, the defendant Safeco, which was refused on the ground that the policy in question no longer provided for arbitration of UM claims.
Roy Byron was first insured by the defendant in 1986. The policy contained a UM clause which provided that if Safeco and its insured could not agree on the amount of damages the insured was entitled to recover, the dispute would be submitted to arbitration. General Statutes 38-175c. CT Page 11121
Safeco claims the arbitration provision was deleted in 1988, when it sent Roy Byron a notice of renewal dated September 20, 1988, effective November 1, 1988, which included a notification that the arbitration provision was being deleted. Roy Byron, the insured, did not testify, but his wife, Brigitta Byron, testified that to the best of her knowledge her husband never received any such notification. Mrs. Byron testified that she opened the mail that came to the house in Huntington where she and her husband Roy resided, and she brought into court as exhibits a number of notices received over the years from Safeco, which did not include the notification of the deletion of arbitration.
Safeco presented testimony and later an affidavit from its personal lines operations manager for its home office in Seattle, who testified that he was in charge of notifying all Connecticut residents whose policies were to be renewed on November 1, 1988, that the arbitration provision was being deleted. this witness testified that the cancellation notice regarding UM arbitration was included with a renewal billing, and was failed first-class, postage prepaid, to Roy Byron, who paid the requested premium and obtained continued coverage effective November 1, 1988.
I have concluded that Safeco did mail notice of cancellation of the arbitration provision because the bill for the next premium that had accompanied the revised arbitration provision was paid. Furthermore, Mrs. Byron testified that although she opened most of the mail addressed to her husband, on some occasions, particularly Saturdays, Roy Byron could have opened the mail himself. Also, although Mrs. Byron brought to court a number of communications from Safeco addressed to her husband, she did not have with her the notice of premium die November 1, 1988, which certainly was paid as the policy continued in force after that date.
These facts, combined with the presumption that one is deemed to receive a notice that has been mailed; Batory v. Bajor, 22 Conn. App. 4,8, 575 A.2d 1042 (1990); see also Stratton v. Abington Mutual Fire Insur. Co., 9 Conn. App. 557, 564, 520 A.2d 617 (1987); lead to the conclusion that Safeco did properly notify Roy Byron of the change in procedure with respect to UM coverage.
Accordingly, plaintiff's application seeking to compel Safeco to proceed with arbitration is denied. CT Page 11121-A