[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant claims that it received no notice of the judgment entered against it on May 11, 1992 (Spear, J.). Notice of said judgment was sent by the court on July 1, 1992. Since service of the writ, summons and complaint was made upon the Commissioner of Insurance, Peter Kelly, and since no attorney had filed an appearance as of July 1, 1992, notice of the default judgment was sent by the court to Commissioner Kelly.
The defendant concedes that William Cooper, the defendant's Liability Supervisor knew of the entrance of a default on December 3, 1992. No reason is given as to when and how Mr. Cooper learned of the entry of the default.[1] However, in a letter dated December 3, 1992 in which he acknowledged the default, he asked plaintiff's counsel "if [he] plann[ed] on acting on the default and indicated that if so he would retain counsel to represent Continental Casualty.
There is no evidence of a reply. On February 3, 1993, plaintiff's counsel sent notice of judgment pursuant to C.P.B. section 354. Defendant's counsel filed an appearance on February 23, 1993.
From the court file and correspondence attached, the court finds no motions were filed by the plaintiff after July 1, 1992. The Motion to Exempt dated June 10, 1992 was filed after the May 11, 1992 date of judgment but before notice of judgment was sent on July 1, 1992. Therefore, the court does not find CT Page 4453 waiver on the part of the plaintiff.
Nor is plaintiff's 354 notice untimely (See DiSimone v. Vitello, 6 Conn. App. 390, 393 wherein plaintiff sent 354 notice two and one half years after the judgment was rendered.)
Although there is a copy of the notice of judgment in the court file sent to plaintiff's counsel, it can only be presumed that a copy of such notice was sent to Peter Kelly. Cooper's letter of December 3, 1992 however, indicates that he is unaware of the entry of judgment. The court, unlike the court in DiSimone has no objective indicia, such as the clerk's initials, from which to conclude that Continental Casualty ultimately received notice of judgment. For this reason the court grants the Motion to Reopen Judgment on the basis that the 354 notice dated February 3, 1993 was the first notification to the defendant.
LEHENY, JUDGE