[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO RE-OPEN JUDGMENT
The court granted this motion after hearing on May 10, 1993. On June 17, 1993, the defendant requested articulation of its decision from the court. The court took the papers on the motion for articulation in September of 1993 but the monitor's tape of the proceedings could not be located to assist the court in responding.
By agreement of counsel, the motion to re-open was heard de novo on December 13, 1993. After re-hearing, it is again the decision of the court that the motion be granted and the judgment of non-suit be reopened.
The non-suit was entered on November 5, 1991 as a result of a court order of October 21, 1991 which stated: "Compliance within two weeks as to experts in Interrogatory #29, or a non-suit will enter." Notice of the November 5 action was not sent to either party, apparently because counsel were present in court on October 21.
Counsel for the plaintiff represents that after the October 21 court appearance in which the agreement of counsel was adopted by the court as its order, he advised counsel for the defendant as to the identity of his expert. This information was then confirmed to counsel for the defendant in a letter dated November 6, 1991.
Neither counsel was aware of the non-suit and in fact treated the matter as a pending case. Defense counsel filed motions on November 8, 1991(3) and February 3, 1992, and a disclosure on November 18, 1991. On April 6, 1993, plaintiff's counsel learned of the non-suit and called defense counsel to advise him. The latter indicated, as he also advised the court, that he was unaware of the non-suit and had proceeded on the assumption the case was active.
The defendant argues that the court lacks jurisdiction to hear and grant the plaintiff's motion because it was filed more than four months after the entry of judgment, in violation of 326 of the Practice Book.
 I
In a situation very similar to this, a judge of the Superior CT Page 11150 Court granted a motion to reopen a judgment of dismissal where the defendant filed motions and held settlement discussions with the plaintiff. The court concluded that the actions of the defendant could be considered a waiver and 326 provides that the parties may waive the provisions of that section. The court also noted that a waiver need not be express but "may consist of acts or conduct from which waiver may be implied," citing Loda v. H.K. Sargent Assoc. Inc., 188 Conn. 69, 76 (1982) quoting Novella v. Hartford Accident Indemnity Co., 163 Conn. 552, 562 (1972); Navickas v. Breen,1 CSCR 383, (1986), Aspell, J.
 II
An examination of the file supports the claim of the plaintiff's counsel that no notice of the entry of this judgment was received by him. In fact, counsel for the defendant concedes this fact but argues that no notice was required because counsel were before the court on October 21, 1991 when order requiring compliance "within two weeks" was entered. The plaintiff cites 398 of the Practice Book which requires the clerk to give notice to the attorneys of record of all judgments and defaults made concerning pending cases. Absent this required notice, the plaintiff cannot be held to the requirement of 326, supra, and his motion to reopen is not untimely.
In a 1991 case, Judge Langenbach of this court was confronted with a similar situation involving a motion to reopen which was filed more than four months after the entry of default, but where no notice of the default was received by the movant.
The court cited our Appellate Court decisions in deciding that absent receipt of notice, the motion to reopen was not untimely.
 "It is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." Noethe v. Noethe, 18 Conn. App. 589, 595 (1989). In DiSimone, 6 Conn. App. 390, the appellate court held that the four-month period to file a motion to open started on the date the defendants received actual notice of the judgment. Accord: Noethe, 18 Conn. App. at 595-96. "The existence of actual or constructive notice is CT Page 11151 a question of fact properly within the province of the trial court." Noethe, 18 Conn. App. at 596.
Keating v. Jordan et al, 4 Conn. L. Rptr. 483, (1991), Langenbach, J. See also Salovitz v. Hartford Hospital, et al, 6 CLT 35 (1980), Hennessey, J.
 III
Finally, it is noted that defendant's counsel stated he was not aware of the entry of the judgment. He considered the case open and proceeded to file motions, etc. He cannot claim to have been prejudiced by that of which he was not aware.
Further, plaintiff's counsel claims to have orally disclosed his expert on October 21, 1991 and there is no dispute that he sent written notice to the defendant's counsel on November 6, the day after entry of judgment.
These factors also dictate a granting of the motion in the interests of equity and justice.
Anthony V. DeMayo, Judge