[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion for Reinstatement
On June 7, 1995, the plaintiffs, Joseph and Anita Mulshine, filed a motion to reinstate the above captioned matter on the docket on the ground that their withdrawal of the case, which was filed on April 10, 1995, was filed in error in that the withdrawal filed was against all the defendants whereas the plaintiffs intended to continue the case against the defendant Sara Knight. In an affidavit filed by plaintiffs' counsel it is asserted that the general withdrawal was filed by mistake with the wrong box marked on the withdrawal form, and that she intended to continue the case against the defendant Knight, and there was an agreement between counsel that the case would not be withdrawn as to Knight. Additionally, the plaintiffs filed an affidavit of their counsel on June 14, 1995. On June 9, 1995, the defendants, Sara Knight, Susan Kearney, Philip Kearney and Diane Wilcox, filed a memorandum in opposition to the plaintiffs' motion.
It is well settled that courts have an inherent power to open, correct and modify judgments. Batory v. Bajor,22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, (1990). However, the duration of this power is restricted by statute and rule of practice and ordinarily, the court does not have jurisdiction to open a judgment in a contested proceeding or by stipulation more than four months after it is rendered. See General Statutes § 52-212a and Practice Book § 326.
Our Supreme Court has condoned the practice of requesting CT Page 9113 that a case withdrawn upon settlement, prior to the execution of a settlement agreement, be restored to the docket if problems arise, provided the request is made during the four months that the court maintains jurisdiction. Audubon Parking Associates,Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 806 n. 3, (1993).
Defendants argue in their memorandum in opposition that the act or omission of counsel is not a proper ground for restoring an action to the docket and that "absent a show of good cause and the statutory grounds of mistake, accident or fraud under General Statutes § 52-212a, the case cannot be restored to the docket."
Plaintiffs' motion to have this case restored to the docket was filed well within the four month time period allowed under General Statutes § 52-212a. It further appears that the general withdrawal was filed prior to any settlement agreement with Knight.
The record reflects that on April 10, 1995, shortly after the plaintiffs filed a its withdrawal they also filed a three count, second revised complaint against defendant Sara Knight only, clearly indicating an intention to continue the case against Knight.
Since it appears that a genuine mistake was made and the defendant Knight has not suffered any prejudice because of the mistaken withdrawal, the Motion for Reinstatement is granted in order for plaintiffs to file a corrected withdrawal.