[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
It was found that Richard Haight was involved in a hit and run automobile accident involving a stolen car on February 7, 1991. It was further found that some time prior to February 7, 1991 Richard Haight's parents, Herbert and Ann Haight, entered into a contract of automobile insurance with the defendant, Allstate Insurance Company ["Allstate"].
The parties disagree as to whether or not the insurance contract provided for arbitration on the date of loss. Defendant contends that it deleted arbitration by endorsement prior to the date of loss. Plaintiff contends that the arbitration clause was not properly deleted in that the claimed endorsement was never received by the policy holders. CT Page 13476
Plaintiff filed a Motion to Compel Arbitration on April 24, 1995.
Herbert and Ann Haight were first insured by Allstate in 1988. The policy is given to the policy holder when the product is sold and subsequent changes are done by endorsement. The 1988 policy contained an arbitration clause under Part V, Uninsured Motorists Insurance Coverage. Allstate's witness testified that the arbitration clause was deleted from the Haight policy in 1989. The court finds that the endorsement, deleting the arbitration section from the policy, was sent to Mr. and Mrs. Haight in October, 1989.
The declaration page of the Haight policy issued on July 23, 1990, covering the period September 6, 1990 through March 6, 1991, contained an endorsement, AU 1967-2, (Plaintiff Exhibit 2) deleting the arbitration provision. The Allstate witness also testified that the premium statement was also sent with the declaration on July 23, 1990, and the statement was paid.
Mrs. Ann Haight testified that she opens all of the mail at the Haight household, with the exception of mail from her husband's employer. She testified that she did not receive endorsement AU 1967-2. The form in question is an innocuous document, which would not cause one to believe it was of any import. The Allstate witness testified that the home office reported no problems with the July 1990 mailing.
The testimony, combined with the presumption that one is deemed to receive a notice that has been mailed, Batory v. Bajor,22 Conn. App. 4, leads to the finding that Allstate properly notified Herbert and Ann Haight of the change deleting arbitration under the uninsured motorist coverage.
Accordingly, plaintiff's motion to compel Allstate to proceed with arbitration is denied.
RICHARD J. TOBIN, JUDGE CT Page 13477