[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REOPEN
This case is one of several, in this courthouse and in others, involving so-called disciplinary nonsuits or defaults. See, e.g.,Morales v. Medina, 25 Conn. L Rptr. No. 19, 663 (January 17, 2000). It illustrates the problems that can occur when a court orders the entry of a nonsuit or a default conditioned on the non-occurrence of some future event.
Most of the facts relevant to this motion to open[1] in this case are undisputed. On March 29, 1996, the defendants, Frank Toro and Toro and Pinciaro, P.C., served interrogatories and requests for production on the plaintiffs. On July 18, 1996, the plaintiffs served their answers on the defendants. On September 20, 1996, the defendants filed a motion to compel the plaintiffs to provide more complete answers to certain interrogatories. They specifically requested an order compelling the plaintiffs to supplement their answers within 21 days or be nonsuited, and the court, Gray, J., granted that motion on October 15, 1996, with the parties' being advised of that decision in a form of a "JDNO" issued on October 18, 1996. Meanwhile, on October 15, the plaintiffs had in fact served supplemental answers to the interrogatories in question on the defendants, a fact of which CT Page 2978 Judge Gray would not have been aware at the time of the entry of his order.
It appears that what happened next was that, in the absence of any indication, one way or the other, regarding compliance, the clerk entered a judgment of nonsuit, sua sponte, in furtherance of Judge Gray's October 15, 1996 order granting the defendants' motion to compel which had been memorialized in the October 18 JDNO. The only indication in the court file is to the effect that the parties were notified of the entry of the November 6th nonsuit on October 18, suggesting that there was no actual note of the entry of the nonsuit on the day that it was entered, and that the parties had been left to assume that one would enter based on Judge Gray's order. The problem, of course, was that no one had notified the clerk's office, one way or the other, regarding the plaintiffs compliance.
The defendants Toro and Toro and Pinciaro, P.C. object to the granting of the instant motion. Although they argue that there is no indication that it was the clerk who entered the judgment of nonsuit, sua sponte, rather than Judge Gray, this court concludes from the state of the record that the actual entry of nonsuit was effected by the clerk based on Judge Gray's earlier order that a nonsuit would enter in the event of non-compliance. The defendants correctly observe that there is no record that the plaintiffs notified the court that they were in compliance with Judge Gray's order, but that order did not direct such notification and, instead, appeared to assume that if the defendants in fact received compliance, no one would press the issue.
The defendants' most significant contention, however, is that the plaintiffs were well aware of the entry of the nonsuit and failed to take timely action to set it aside. They argue that even if the October 18 notice of the granting of the motion to compel, and, implicitly, of the fact that a nonsuit would enter on November 6, were not adequate notice of the entry of the judgment, thereby triggering the four month period to move to open, the plaintiffs are still too late. They rely on correspondence between counsel for the plaintiffs and the defendants in February of 1999, stating "since my clients are no longer parties to this action . . ." They contend that the four month period mandated by Practice Book section 17-4 began no later than the date on which that correspondence was received, it being well settled that when a party fails to receive official CT Page 2979 notice of a judgment of default or nonsuit, the four month time period commences upon receipt of actual notice. DiSimone v.Vitello, 6 Conn. App. 390, 393 (1986). The motion to "reopen" was in fact not filed until December 3, 1999, some ten months after what the defendants deem to have been actual notice.
Although the February correspondence should have at least raised a red flag for plaintiffs, however, it cannot be concluded that the phrase, "since my clients are no longer parties to this action" provided the plaintiffs with actual notice of the entry of a nonsuit, in light of the fact that, as far as they were concerned, the plaintiffs were in compliance with Judge Gray's order even before notice of it was sent to the parties. The plaintiffs contend that they did not receive actual notice of the nonsuit until they attended a pretrial conference in November of 1999. In light of that contention and all the other circumstances surrounding this matter, the court cannot conclude that the plaintiff's motion to open the judgment of nonsuit was untimely.
The defendants, however, anticipating the possibility that the court might reach such a conclusion, have urged the court to exercise its discretion to deny the motion, even if deemed to have been timely filed. They argue that for the past three years, they justifiably assumed that the case was no longer pending against them. They contend that they therefore conducted no discovery or other activity in preparation for the defense of this case. That point is well taken, although the defendants to date have not established that they have in fact been prejudiced by this delay in conducting discovery. The court therefore will exercise its discretion in favor of opening the nonsuit, without prejudice to the right of the defendants to move to dismiss at some point in the future if they are able to establish that, once the nonsuit has been set aside and discovery commenced in earnest, they have been prejudiced in their ability to prepare a defense because of the lengthy delay in opening the nonsuit.
It is perhaps worth mentioning that the judges of this courthouse, over the past few years, have tried to develop a more constructive and uniform approach to the handling of notions seeking the entry of disciplinary nonsuits and defaults for failure to comply with discovery or other pretrial orders. This development occurred too late to help the parties in this case, but the procedure should serve to eliminate this type of problem in the future. Specifically, when faced either with a motion to compel or a motion for nonsuit or default, the judges of this CT Page 2980 court have been entering orders which read substantially as follows:
 Compliance is ordered by (month) (day), (year). If the moving party has not received compliance by that date, it may file an additional motion attesting to that fact and referencing this order. If, by the time such additional motion is considered by the court on short calendar, the party from whom compliance is sought has not filed an objection to the nonsuit/default based on proof that compliance has in fact been provided, nonsuit/default will then be granted.
This approach makes clear that only a judge, and not a clerk, can enter a disciplinary nonsuit or default, that entry of such a judgment will be accomplished in an orderly fashion, that the party from whom compliance is sought will have an opportunity to establish compliance, and that it is the party who would disciplined by the entry of a nonsuit or default who has the burden of acting to avoid the entry of such a judgment by presenting evidence of compliance.
In summary, the motion to open the nonsuit is granted, without prejudice to the right of the defendants Toro and Toro and Pinciaro, P.C. to move for dismissal at some later date based on a showing of actual prejudice arising out of the delay on the part of the plaintiffs in moving to open the judgment.
Jonathan E. Silbert, Judge