[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE NONSUIT #115
On September 25, 1997 the plaintiff, Jason Crutchfield, commenced this action against the defendants, Betty Bennerman and Joseph Bennerman. The complaint alleges that the plaintiff was injured when his vehicle was struck by a vehicle owned by Joseph Bennerman and being driven by Betty Bennerman. Betty Bennerman is alleged to have made an improper left turn at an intersection, causing the collision. The defendants answered, denying the allegations of the complaint and raising the special defense of contributory negligence. The plaintiff replied, denying the special defense.
On February 5, 1998 the defendants moved for nonsuit for the CT Page 3051 plaintiff's failure to respond to interrogatories.[1] On November 3, 2000 the defendants again moved for nonsuit claiming that some of the plaintiff's answers to the interrogatories were nonresponsive. The motion for nonsuit was granted by the court, Moran, J., on May 21, 2001 and a judgment of nonsuit entered against the plaintiff on that date.
On October 26, 2001 the plaintiff moved to set aside the nonsuit. The plaintiff's position is that counsel never received notice of the nonsuit. The plaintiff claims that notice of the judgment was first received on October 17, 2001 with correspondence from defense counsel. Within a few days of receiving notice of the judgment, counsel for the plaintiff moved to reopen. The affidavits of attorney Indeg Raimundo and attorney Christopher F. Wanat have been filed in support of the plaintiff's position. The defendants oppose setting aside the nonsuit. The defendants' position is that the motion to set aside the judgment of nonsuit was untimely, being filed later than the four month period from the date notice of the judgment was sent.[2] A hearing was held on December 19, 2001 when the court heard testimony from attorney Indeg Raimundo, counsel for the plaintiff, and received exhibits from both parties.
Practice Book § 17-43 provides, in part, "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same."[3]
Generally, "[a] trial court has no jurisdiction to open a judgment beyond the four month period." Serrano v. Behar, 15 Conn. App. 308, 311,544 A.2d 250 (1988). "[I]t is axiomatic [however] that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. . . . [F]or the purpose of opening a default judgment pursuant to General Statutes 52-212, a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment." (Internal quotation marks omitted.) Noethev. Noethe, 18 Conn. App. 589, 595-96, 559 A.2d 1149 (1989); DiSimone v.Vitello, 6 Conn. App. 390, 393, 505 A.2d 745 (1986). The lack of notice suspends the running of the four month period until actual notice is received. Aliff v. Fromm, Superior Court, judicial district of Middlesex, Docket No. 054338 (May 6, 1992, Austin, J.) (7 C.S.C.R. 625). CT Page 3052 "When a party fails to receive the official notice of a "judgment of default or nonsuit, the four month time period commences upon the receipt of actual notice. DiSimone v. Vitello, supra, 6 Conn. App. 393; Noethev. Noethe, supra, 18 Conn. App. 595-96.[4] "Whether a party has been given notice is a question of fact." Batory v. Bajor, 22 Conn. App. 4,9, 575 A.2d 1042 (1990); Noethe v. Noethe, supra, 18 Conn. App. 596.
In this case, the computer generated notice of judgment, issued by the clerk's office, states that notice of the May 21, 2001 judgment was sent on May 22, 2001. This documentation raises a rebuttable presumption that notice was sent by the clerk and received by the plaintiff. Batory v.Bajor, supra, 22 Conn. App. 7-8; DiSimone v. Vitello, supra,6 Conn. App. 393; Keating v. Jordan, Superior Court, judicial district of Waterbury, Docket No. 096660 (September 10, 1991, Langenbach, J.) (6 C.S.C.R. 895). The court finds that the plaintiff has sufficiently rebutted the presumption on the basis of the testimony of attorney Indeg Raimundo and the affidavits and evidence submitted. The court finds that the plaintiff did not receive notice of the nonsuit until October 17, 2001 when contained in correspondence sent by defense counsel. The motion to set aside the nonsuit was filed only nine days after receipt of actual notice of the judgment. The court finds that the motion was timely.[5]
"The plaintiff's motion to set aside the judgment of nonsuit was subject to the requirements of General Statutes § 52-212 and Practice Book § 17-43, which substantially follows the language of the statute. To fulfill these requirements, a plaintiff must establish that a good cause of action, the nature of which must be set forth, existed when the judgment of nonsuit was rendered, and that the plaintiff was prevented from prosecuting it because of mistake, accident or other reasonable cause" (Citations omitted; internal quotation marks omitted.)Baris v. Southbend, Inc., 68 Conn. App. 546, 553, ___ A.2d ___ (2002). "It is thus clear that there is a two-pronged test for setting aside a judgment rendered after a nonsuit. There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause." (Citation omitted.) Jaconski v. AMF, Inc.,208 Conn. 230, 237, 543 A.2d 728 (1988). "A ruling on a timely filed motion to open is within the trial court's discretion . . ." Batory v.Bajor, supra, 22 Conn. App. 8; Baris v. Southbend, Inc., supra,68 Conn. 553-54.
The court finds, on the basis of the evidence submitted, that there was a good cause of action, based on the claimed negligence of the defendants, at the time that the judgment of nonsuit had entered. Reasonable cause also existed which prevented the plaintiff from CT Page 3053 prosecuting the action. The plaintiff's motion to reopen the judgment and set aside the nonsuit is granted.
The Court
By Moran, J.