[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] HEADNOTE MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO OPEN #103
The Defendant father, Kenneth Smiley, moves to open the judgment of paternity, entered on December 16, 1997. He claims that he is not the father of the minor child and that he did not receive notice of the paternity proceedings, until a wage withholding for child support was executed sometime in the year 2002. The State opposes the motion claiming proper abode service was made on the underlying paternity petition. The State further argues that the Motion to Open should be denied because it was filed more than 4 years after judgment and is, therefore, untimely.
HELD: Service of the paternity petition was properly made on the Defendant at his usual place of abode. However, notice of the default judgment was not properly made and the Motion to Open Judgment of paternity and support orders, is timely. The Defendant has raised a meritorious defense, i.e. that he may not be the father of the minor child, he has satisfied the conditions precedent to open a judgment. His Motion to Open is GRANTED.
A hearing on the underlying paternity petition is to be scheduled by the clerk, with notice to all parties. The Defendant may appear and raise defenses to the petition, and he may request genetic/D.N.A. testing. All support orders are suspended pending a final adjudication of paternity.
In the event that the Defendant is adjudicated to be the father, support orders may be modified based upon the Defendant's actual earnings or earning capacity, pursuant to General Statute § 46b-2 15(c), without need for further written motion for modification.
 MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO OPEN #103
CT Page 16613-b
The Defendant father, Kenneth Smiley, moves to open the judgment of paternity, entered on December 16, 1997. The motion, dated September 27,2002, claims that he is not the father of the minor child, Shyheim, date of birth 6/10/97. Defendant further claims that he did not receive notice of the paternity proceedings, until a wage f withholding for child support was executed sometime in the year 2002. The State opposes the motion claiming proper abode service was made on the underlying paternity petition. The State further argues that the Motion to Open should be denied because it was filed more than 4 years after judgment and is, therefore, untimely. HELD: Service of the paternity petition was properly made on the Defendant at his usual place of abode. However, notice of the default judgment was not properly made and the Motion to Open Judgment of paternity and support orders, is granted.
Factual Background
Pursuant to Connecticut General Statute § 46b-162, the State of Connecticut . . . through the Commissioner of Social Services (hereinafter "DSS") initiated a paternity. petition against the Defendant, claiming that the Defendant was the father of the minor child, Shyheim. The Court file contains a return of service of the paternity petition, executed by a Hartford county deputy sheriff. The return indicates that on September 26, 1997, the Defendant was served at his usual place of abode, 55 Sargeant Street, Hartford, Connecticut. The case was continued to December 16, 1997, to subpoena the mother to court. The Court file includes an appearance of the mother of the minor child, Shakyra Teal, dated December 16, 1997. She executed a military affidavit, attesting to the fact that the Defendant was not then in the military service. The Defendant did not appear in the paternity proceeding. A default judgment of paternity entered on December 16, 1997. Simultaneously, child support orders entered against the Defendant. The Orders included a weekly monetary order. Specifically, the Defendant was ordered to pay $45. per week as current child support, and $9. per week on an arrearage found to be in the total amount of $1,365.24., payable to the State and/or to the mother. The Orders were entered "without prejudice".
The Defendant did not receive notice of the default orders. The Court file indicates that the clerk's notification report, JD 72265, dated January 20, 1998, was not sent to the Defendant.[1] On October 19,2002, four years and ten months after a default judgment entered, a Notice to Non-Appearing Obligor was sent to the Defendant. This notice was sent to the Defendant at 250 Fairfield Ave., Hartford, Ct. On October 31, 2002, an assistant attorney general filed a copy of the notice in the Court file. The "green card" receipt of the notice was clearly signed by someone other than the Defendant. The Defendant claims he was unaware of CT Page 16613-c any proceeding or adjudication of paternity until the wage withholding began, sometime in 2002.[2]
Motion to Open Default Judgment
Personal Jurisdiction: Service
Connecticut General Statute § 46b-160 provides that a default judgment of paternity may enter if a putative father fails to appear. The Statute clearly delineates the required allegations contained in a verified petition seeking a paternity judgment, the procedure for service of the petition, and the return of the petition. Gen. Stat. § 46b-160. In the pending matter, the State has met all, but one of the criteria. The original hearing on the paternity petition was scheduled for November 4, 1997, more than 90 days after the issuance of the summons on July 28, 1997.
The Defendant now claims that when the paternity petition was served in October of 1997, he was not residing at 55 Sargeant Street, Hartford, Ct. The credible and substantial evidence supports the presumption of abode service pursuant to the sheriffs return of service. The Defendant testified that he lived at another address and/or may have been incarcerated at the time of the proceedings. However, he testified, in vague terms. He testified that he had stayed at this address, that he had maintained clothing at this address, and that some family and friends would telephone him at this address.
Judicial notice is taken of the Hartford Superior Court judicial file, captioned Deas/St. of Ct. v. Smiley, Docket No. 96-0620733. In Deas, et alv. Smiley, the Defendant appeared on June 11, 1996, identifying his home address as 55 Sargeant Street, 3rd Floor, Hartford, Ct. A judgment of paternity entered in this file in June 1996, and notice of said judgment was sent to the Defendant at 55 Sargeant Street on July 30, 1996. The Defendant did not, and does not, contest abode service in the Deas
matter. Although service in the Deas matter occurred six months earlier, the Defendant did not demonstrate that he had a change in his primary residence when served with the paternity petition at issue.
Service of process in a civil action may be made at the place of a defendant's abode. General Statute § 52-57. Whether a particular place is the usual place of abode of a defendant is a question of fact. The usual place of abode is considered to be the place where a person is living at the particular time when service is made. Grant v. Dalliber,11 Conn. 234, 238. It is presumed that the matters stated in the return are true. Standard Tarlow v. Jowdy, 190 Conn. 48, 53-54 (1983). The CT Page 16613-d defendant bears the burden of proof when disputing the presumptive valid abode service. Kutson Mortgage Corp. v. Bernier, 67 Conn. App. 768, 77 (2002). In Clegg v. Bishop, 05 Conn. 564, 570 (1927), the Connecticut Supreme Court recognized that an individual might have two or more residences, each maybe a usual place of abode. Id. Service of process is valid if made at either of the places of abode. Id.
This Court finds credible the Defendant's testimony that he may have resided at more than one location. However, his testimony is insufficient to rebut the overwhelming and credible testimony supporting valid abode service.
Any defect in the service, such as the assignment of the initial hearing more than 90 days after the issuance of the summons, does not affect the subject matter jurisdiction. Because the Defendant failed to object to this Court's exercise of personal jurisdiction within the prescribed time period, such defects have been waived. Brunswick v. InlandWetland Comm'n., 222 Conn. 541, 554 (1992). Therefore, service of the paternity petition was properly made upon the Defendant. As a result, this Court had personal jurisdiction over the Defendant when the default judgment of paternity properly entered.
Timeliness of Motion to Open
Because personal jurisdiction over the Defendant has been found, a determination of the timeliness of the Defendant's Motion to Open is necessary. The State adamantly opines that the motion is untimely because there is no requirement that notice be given when a default judgment enters in a paternity matter. Specifically, the State argues that the four-month time limitation for the filing of a motion to open begins to run from the date paternity judgment enters, regardless of when, or if notice of the judgment is given. The State provides no statutory authority or case law in support of its position.
The motion to open is governed by General Statute § 52-212 (a) and Practice Book § 17-43. Both Statute and Practice Book contain a four month period of time during which judgment may be set aside, from thedate which notice of the judgment was sent.
Practice Book § 17-43 provides, in relevant part:
Unless otherwise provide by law . . . any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding theCT Page 16613-e date on which notice was sent . . . (emphasis added) P.B. § 17-43
Practice Book § 17-22 provides that notice of judgment after default for failure to appear shall be mailed within 10 days to the party against whom it was directed.[3] Specifically, Practice Book §17-22 provides, in relevant part:
 A notice of every . . . judgment for failure to enter an appearance, which includes the terms of the judgment, shall be mailed within ten days of the entry of judgment by counsel of the prevailing party to the party against whom it is directed and a copy of such notice shall be sent to the clerk's office. Proof of service shall be in accordance with Section 10-14. (emphasis added) P.B. § 17-22
Gen. Stat. § 52-212 (a) provides, in relevant part, that
 [a]ny judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket. . . . upon the. . . . showing of reasonable cause, or that a good cause of action or defense in whole or part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.
It is axiomatic that the party who is to exercise the right to open a judgment be given the opportunity to know that there is a judgment to open. Habura v. Kochanowicz, 40 Conn. App. 590, 593 (1996). For the purpose of opening a default judgment pursuant to Gen. Stat. § 52-212, a delay in notifying the defendant of the judgment "merely exten[ds] the time in which the defendant could move to set aside the judgment. (internal quotation marks omitted) Handy v. Miniwax Co., 46 Conn. App. 54,57, cert. denied, 243 Conn. 921 (1997); Fountaine v. Thomas,51 Conn. App. 77, 80 n. 3 (1998) (trial court properly entertained a motion to open where prevailing party's counsel failed to comply with Practice Book § 17-22 notice provisions); DiSomone v. Vitello,6 Conn. App. 390, 393 (1986) (lack of demonstrated compliance with CT Page 16613-f practice Book § 17-22 notice requirements serves to extend the four month time period within which to open a judgment).
The Connecticut Superior Courts have consistently held that the four-month time limitation to open a judgment begins to run from the date notice of the judgment was sent, pursuant to Practice Book § 17-22See, Tremblay v. Costa, 2001 Ct. Sup. 7100, 7101-2 (May 29, 2002, Foley, J.); TeleSpectrum World v. Mesa Partners, 2000 Ct. Sup. 809, 812
(January 18, 2000, Karazin, J.) (The lack of notice suspends the running of the four-month period until actual notice is received.); Aliff v.Fromm, 7 C.S.S.R. 625 (May 6, 1992, Austin, J.) ("When a party fails to receive the official notice of a judgment of default or non-suit, the four month time period commences upon the receipt of actual notice.");Mulligan v. Smoron, 62 Conn. App. 367, 369-371 (2001). See alsoPerkin-Elmer Corp. v. Haworth, Inc., 2001 Ct. Sup. 16234, 16236 (December 6, 2001, Lewis, J.) (it is the sending of notice that controls);Crutchfield v. Bennerman, 2002 Ct. Sup. 3050, 3051-2 (March 13, 2002, Moran, J.); Vanderkloot v. Qualified Domestic Trust, 2002 Ct. Sup. 2273,2278-9 (Feb. 26, 2002, Martin, J.); Keating v. Jordan, 1991 Ct. Sup. 8196, 8198 (September 10, 1991, Langenbach, J.); Miglore v. Merritt MedicalCenter, 1993 Ct. Sup, 5384, 5386 (June 1, 1993, Fuller, J.) (Where there is a delay in notifying the defendant, this extends the four month time limitation in which the defendant can move to set aside the judgment);Shoreline Bank Trust Co v. Davidson, 1995 Ct. Sup. 3965, 3966
(April 5, 1995, Hodson, J.) and Trasacco v. Serra, 1996 Ct. Sup. 767, 768
(January 23, 1996, Thompson. J.).
Further, the Connecticut Appellate Court has held that, if a party has not received notice of a judgment, the four-month time limitation does not apply. Morelli v. Manpower, Inc., 34 Conn. App. 419 (1994). Whether a party has been given notice is a question of fact. Batory v. Bbajor,22 Conn. App. 4, 9 (1990) cert. denied, 215 Conn. 812 (1990); Noethe v.Noethe, 18 Conn. App. at 596. (The statutory rule that judgment may be opened under § 52-212 within four months of the date of judgment presumes that the defendant against whom such a judgment was rendered had timely notice of the entry of the judgment.).
In this case, the computer-generated notice of judgment issued by the clerk's office was not sent to the Defendant. The documentation raises a rebuttable presumption that notice was not sent to the Defendant. Batoryv. Bajor, 22 Conn. App. 7-8; DiSomone v. Vitello, 6 Conn. App. at 393. The State makes no claim that notice of the default judgment was sent prior to October 2002, four years and eight months after judgment entered. The State stands on its position that notice of the default judgment is not necessary. Because notice was not sent timely, if at all, the Defendant's CT Page 16613-g Motion to Open Judgment is considered timely.
Good Defense:
[I]n order to set aside a judgment passed upon default, a party seeking to set aside the judgment must satisfy a two prong test. Pantlin Chananie Development Corp. v. Hartford Cement Building SupplyCo., 196 Conn. 233, 240 (1985). The person seeking to set aside the judgment must show that 1.) a good defense existed at the time judgment was rendered and 2.) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident or other reasonable cause. Id.
In the present case, the Defendant claims that he did not have notice of the underlying paternity petition. Although it is determined that proper abode service was made, it is credible that the Defendant was not aware of the proceedings. Id., 196 Conn. at 237 (when ruling on a motion to open a default judgment, it is for the court to weigh evidence and determine the credibility of witnesses).
As stated above, it appears that the Defendant had more than one residence at the time of service. He appeared in another paternity action commenced 6 months earlier. He did not/does not contest notice of the other paternity matter. It is clear that he did not receive notice of the default judgment or income withholding for almost 5 years. It is credible that he was unaware of the proceedings. The Defendant failed to appear because of the lack of actual notice of the proceeding. This is not an act of his own negligence, but as the result of his possible incarceration or his re-location. In either event, reasonable cause prevented him from appearing and defending.
The Defendant has raised a meritorious defense, i.e. that he may not be the father of the minor child. He did not execute an acknowledgment of paternity and was unaware that he was the alleged father of this child until the income withholding went into effect. He has satisfied the conditions precedent to open a judgment.
Conclusion:
Based upon the foregoing findings of fact and conclusions of law, the Defendant's Motion to Open is Granted. A hearing on the underlying paternity petition is to be scheduled by the clerk, with notice to all parties. The Defendant may appear and raise defenses to the petition, and he may request genetic/D.N.A. testing. All support orders are suspended pending a final adjudication of paternity. CT Page 16613-h
In the event that the Defendant is adjudicated to be the father, support orders may be modified based upon the Defendant's actual earnings or earning capacity, pursuant to General Statute § 46b-215 (c), without need for further written motion for modification. dated: December 29, 2002.
 ___________________ Linda T. WIHBEY Family Support Magistrate