[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS-COMPLAINT (#130)
In Kyrtatas v. Stop Shop, Inc, 205 Conn. 694, 535 A.2d 357
(1988), the Connecticut Supreme Court held that common law indemnity principles based on the concept of active versus passive liability do not apply in the context of a statutory product liability action in which one of the original defendants has filed a cross complaint against another seeking indemnity for whatever damages the plaintiff might recover. One year later, in Malerba v. Cessna Aircraft Co., 210 Conn. 189, 554 A.2d 287 (1989), the court limited Kyrtatas to its facts and held that common law indemnification continues as a viable cause of action in the context of a product liability case where a named defendant has filed a third party complaint seeking indemnification against a third party defendant. The question in this case is whether Kyrtatas continues to be controlling authority in product liability cases involving cross complaints against original defendants. The court concludes that it is.
The plaintiff in this case, Hoboken Wood Flooring Corporation ("Hoboken"), has sued three defendants — Torrington Supply Company, Inc. ("Torrington"); Thermar Tankless Heater Corporation ("Thermar"); and Coviello Heating Supply Corporation ("Coviello") — alleging that Torrington sold it a hot water heater which ruptured, causing substantial property damage. Hoboken alleges that Thermar manufactured and designed the heater and that Coviello sold and distributed it. Hoboken makes a variety of products liability claims against all three defendants. Coviello has filed a cross-complaint against Torrington and Thermar making both common-law negligence and product liability claims against them. The relief it seeks is indemnification for any judgment that may be rendered against it in this action. Torrington has moved to strike the cross complaint, relying on Conn. Gen. Stat. Sec. 52-572o and Kyrtatas. This motion must be granted.
In Kyrtatas, the Supreme Court concluded that "the common law doctrine of indemnification is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes Sec. 52-572o."205 Conn. at 699. In a footnote, Kyrtatas explains that its holding "applies to situations in which all potential defendants are parties to the suit." Id. at 702 n. 2. The court went on to explain in the same footnote that it was not considering the case CT Page 9548 of a defendant impleading "a third party who may be liable for all or part of the plaintiff's claim against him." Id. at 703.
In Malerba, the Supreme Court considered the issue on which it had reserved opinion in Kyrtatas. The defendant in Malerba filed a third party complaint seeking indemnification and contribution. The court concluded that in this context common law indemnification continues as a viable cause of action. A footnote distinguished Kyrtatas as follows: "Kyrtatas . . . was specifically limited to its factual circumstances which are different from the procedural posture in which we find this case." 210 Conn. at 198
n. 9. Quietly proud with this elaborate analysis, the Supreme Court withdrew from the field and, and as of this date, has said no more.
Although Malerba implicitly overrules the broad rationale upon which Kyrtatas was based — namely that common law indemnity principles are inconsistent with the provisions of the product liability act — it was plainly unwilling to overrule Kyrtatas itself. Kyrtatas, which is, as Malerba points out, distinguishable on its facts, consequently remains controlling authority in its distinct factual setting.
Here, as in Kyrtatas, a cross-complaint has been filed against an original co-defendant. As more fully discussed in a memorandum of decision filed this day involving a separate motion to strike filed by Torringon (#126), all of Hoboken's claims are allegations of product liability law. Indeed, the Connecticut Supreme Court has held that our products liability statute provides the exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 562 A.2d 517 (1989). Because common law indemnification principles do not apply in this factual setting, the motion to strike the cross complaint must be granted.
Dated at Waterbury, this 19th day of November, 1991.
Jon C. Blue, J. Judge of the Superior Court