[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the Motion to Strike filed by the Third Party Defendant. The motion should be granted.
The plaintiffs, Maria and Steven Mirabella, filed a first-party complaint against Yale New Haven Hospital, Yale School of Medicine, James Chung, M.D., and Kendall Healthcare Products Company (hereinafter Kendall), on January 10, 1992. The revised complaint, dated April 27, 1992, seeks damages for personal injuries suffered by Maria Mirabella when an eight millimeter length of epidural catheter allegedly remained inside of her body following the administration of epidural anesthesia at Yale New Haven Hospital. The plaintiffs' claims against Kendall are made pursuant to Connecticut's Product Liability Act, § 52-572m et seq. The complaint alleges that Kendall was engaged in the business of designing, manufacturing, distributing and selling medical supplies and that the epidural catheter at issue was manufactured by Kendall.
On December 3, 1992, Kendall filed a motion to implead Teleflex Incorporated (USA) (hereinafter Teleflex) as a third-party defendant on the ground that Teleflex is or may be liable to Kendall for the plaintiffs' claims against Kendall. In this motion, Kendall alleges that Teleflex, not Kendall, is ultimately liable for any defect that may be proven. The motion to implead was granted by the court, Thompson, J., on December 21, 1992.
Kendall filed a six count third-party complaint against Teleflex, dated December 27, 1992, seeking indemnification. Kendall claims that the catheter that allegedly injured the CT Page 7161 plaintiff was manufactured by Teleflex and sold by Teleflex to Kendall. The six counts in the third-party complaint, respectively, are (1) negligence, (2) breach of an implied warranty of merchantability, (3) breach of an implied warranty of fitness for a particular purpose, (4) breach of an express warranty that the catheter was free from defects, (5) that the defect in the catheter existed at the time the catheter was sold to Kendall, and (6) that Teleflex is liable to Kendall pursuant to Connecticut's Product Liability Act, § 52-572m et seq. Kendall additionally seeks recovery for attorneys' fees incurred in connection with the defense of the plaintiffs' claims.
On February 26, 1993, Teleflex filed a motion to strike the third-party complaint in its entirety or, alternatively, counts one, five and six. Teleflex also filed a memorandum of law in support of its motion to strike. Kendall filed a memorandum of law in opposition to Teleflex's motion to strike on March 16, 1994.
On March 1, 1993, the first-party plaintiffs filed a motion to consolidate, pursuant to Practice Book § 84(a), the present case andMirabella v. Teleflex Incorporated (USA) CV-93-0342487, (hereinafter Mirabella II) filed in the Judicial District of New Haven at New Haven, on the grounds that the facts and allegations arise out of the same transaction and will involve the same issues and factual witnesses. The court, Licari, J., granted the motion for consolidation on March 15, 1993. In Mirabella II, the plaintiffs, Maria and Steven Mirabella, filed a complaint against Teleflex, dated December 30, 1992, seeking recovery under Connecticut's Product Liability Act.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15. Teleflex moves to strike Kendall's third-party complaint in its entirety on the grounds that third-party claims for indemnification in product liability actions are not allowed under Connecticut law pursuant to the holding of Kyrtatas v. Stop Shop,Inc., 205 Conn. 694. Teleflex contends that the Connecticut Supreme Court determined in Kyrtatas v. Stop Shop, Inc. that the Product Liability Act has abrogated the common law rules of indemnification in the context of product liability suits where all of the defendants are parties to the original action. Teleflex argues that since both Kendall and Teleflex have been sued by the plaintiffs and the cases have been consolidated, the present case CT Page 7162 is analogous to Kyrtatas v. Stop Shop, Inc.. Additionally, Teleflex argues that Kendall has failed to allege the elements necessary to state a cause of action for indemnification based upon active versus passive negligence.
Kendall claims that Teleflex's reliance on Kyrtatas v. Stop Shop, Inc., supra, is misplaced and that Malerba v. CessnaAircraft Co., 210 Conn. 189, which holds that common law indemnification is a viable cause of action in the context of product liability claims, governs the present case. Kendall additionally argues that the specific facts set forth in the first count, and those necessarily implied therefrom, adequately allege that Teleflex is or may be liable to Kendall for its negligence and thus adequately allege a cause of action for indemnification.
In Kyrtatas v. Stop Shop, Inc., supra, the court addressed the issue of whether "common law indemnity principles based on the concept of active versus passive liability apply in the context of a statutory product liability action." Id., 695. The plaintiff inKyrtatas v. Stop Shop, Inc. brought suit under the Connecticut Product Liability Act against several defendants, who then filed cross claims against one another seeking common law indemnity for any damages the plaintiffs might recover.
The court in Kyrtatas v. Stop Shop, Inc. concluded that "the common law doctrine of indemnification is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes § 52-572o." Id., 699.
 Comparative responsibility is inconsistent with indemnification because the former allows a jury to assign liability in specific proportion among several defendants on the basis of the evidence presented while the latter doctrine arose in response to the common law prohibition against contribution, and applies only in situations in which a passive joint tortfeasor has no actual responsibility for a tort. Indemnification is also irreconcilable with the product liability act because the legislature in subsection (e) of § 52-572o has abolished the common law prohibition against contribution in the context of these suits . . . . CT Page 7163
Id., 700. Thus, the court concluded that "[t]he product liability act by permitting actions for contribution has eliminated any reason for retaining the doctrine of indemnification in regard to [a product liability suit]." Id., 701. The holding in Kyrtatas v.Stop Shop, Inc. is limited, however, "to situations in which allpotential defendants are parties to the suit." (Emphasis added.) Id., 702.
One year later, in Malerba v. Cessna Aircraft Company, supra, the supreme court limited Kyrtatas v. Stop Shop, Inc., supra, to its facts, and held that common law indemnification continues as a viable cause of action in the context of a product liability case where a named defendant has filed a third-party complaint seeking indemnification against a third-party defendant. See Hoboken WoodFlooring v. Torrington Supply, 6 CSCR 1133 Miller v. NortheastUtilities, supra. 8 CSCR 509.
The plaintiffs in the present case and Mirabella II are asserting product liability claims against both Kendall and Teleflex, each as first-party defendants, in two actions which have been consolidated for trial. As such, the plaintiffs' claims against both Kendall and Teleflex should be decided in accordance with Connecticut Product Liability Act, and specifically the Act's principles of comparative responsibility. While Kendall and Teleflex are not defendants in the same action the consolidation of the present case and Mirabella II, places the two cases in a posture analogous to that of Kyrtatas v. Stop Shop, Inc., supra., notMalerba v. Cessna Aircraft Comp. , in that the two defendants from which the plaintiffs are seeking relief under the product liability act are defendants in the same trial and are each responding to a complaint of the plaintiff.
The analysis of Kyrtatas v. Stop Shop, Inc. applies in the present case, and Kendall's third-party claim for indemnification is improper.
Accordingly, the motion to strike is granted. CT Page 7164